### Brandywine Youth Club, Inc. v. Zoning Hearing Board of Concord Township

*Joseph L. Monte, Jr.,* for appellant.

*John W. Wellman,* for appellee.

BLOOM, J., October 30, 1972.—The matter presently before this court arises from an appeal filed by the Brandywine Youth Club, Inc. (hereinafter referred

to as youth club), from a decision of the Zoning Hearing Board of Concord Township, Delaware County, Pa. (hereinafter referred to as "board"). The board granted the youth club a special exception for the use of a certain tract of land for recreational activities conducted by the youth club. However, the board imposed 15 conditions as part of its decision, which are as follows:

1. The applicant must have an access way at least 25 feet wide, to a public road, and must maintain fencing on both sides of such access way for its full length if requested to do so by the owner of the land over which such way runs. Proof of such access must be submitted to the board.

2. Two cartways must be hard-surfaced and maintained on the access way so that two cars may pass anywhere along its length.

3. The playing fields shall not be used before 10 a.m. or after 10 p.m.

4. No more than 200 children shall engage in activities on the premises at any one time.

5. Sanitary facilities must be approved by the township supervisors.

6. No part of a playing field shall be closer than 100 feet to a boundary line of the premises.

7. The trees and shrubbery along the southern boundary line shall be retained.

8. Grading shall be kept to an absolute minimum; every effort must be taken to minimize run-off.

9. Adequate turn-around and parking areas shall be provided.

10. No parking or other areas (including the access way) shall be surfaced with nonporous materials.

11. Flood lights shall be limited to playing field areas; they shall be of a non-glare variety and shall be used sparingly.

12. There shall be competent adult supervisors on the premises with the children at all times.

13. No trash shall be allowed to remain on the premises.

14. Rules and regulations shall be adopted and enforced concerning the use of the premises in such a manner as to give the least possible annoyance to the neighbors.

15. The applicant must agree in writing to comply with these conditions. .

Although the board imposed 15 conditions, the youth club has agreed to comply with conditions 2 through 15, inclusive, but takes exception to condition no. 1, to wit:

"The applicant must have an access way at least 25 feet wide, to a public road, and must maintain fencing on both sides of such access way for its full length if requested to do so by the owner of the land over which such way runs. Proof of such access must be submitted to the Board."

The youth club has appealed to this court praying for an affirmation of the special exception granted by the board and a reversal of the first condition as set forth above. This opinion is written in disposition of the appeal.

Before proceeding to the merits of the youth club's appeal, the following facts are set forth:

The youth club has been in operation since 1954 and on January 28, 1966, it was chartered as a nonprofit corporation by this court. Among its purposes is the fostering of sports activities and recreation for the youth of six townships and one borough. The ages of the 400 children participating in the youth club range from 8 to 18 years of age. The youth club places special emphasis on Little League baseball teams along with football, basketball and softball teams.

Because of the inaccessability of playing areas for the children, the youth club has had to conduct its activities in a number of locations. During the past year, two of the playing areas became unavailable for further use, since the private owners of these locations needed the space for development. Therefore, the youth club conducted a search for suitable ground to conduct its activities. The subject premises was deemed desirable. Because of financing reasons, an agreement of sale was entered into between the owners of the land and Mr. and Mrs. Thomas Gillespie, who acted on behalf of the youth club. Subsequent thereto, a lease-purchase agreement was entered into between the Gillespies and the youth club. Both the agreement of sale and the lease-purchase agreement are contingent on the grant of zoning approval.

The subject premises consists of approximately 12 acres of undeveloped land in Concord Township. The premises are classified as R-2 residence under the Zoning Ordinance of Concord Township. By the terms of said ordinance, the premises may be used for educational or club purposes when authorized as a special exception. The premises itself is landlocked, since there are no public roads which run directly to the property. Access to the property is had by means of an easement 500-feet long and 15-feet wide which runs from the subject premises to a public road over the property of Mr. and Mrs. S. B. Wheelock. A number of other private residences abut the one side of the easement and the Wheelock property runs along the other side of the easement.

The youth club intends to use the premises for the construction of five playing fields for baseball and football. Each field would take up approximately an acre and a half. In addition, one building of block construction, 20 feet by 30 feet, will be built which will

be centrally located and used for the storage of equipment and a refreshment stand.

At any one time, approximately 150 children will be on the playing fields during baseball season and 100 children during football season. All activities are supervised by adults at the ratio of approximately one adult for every five or six children.

Based on the past experience of the youth club, approximately 75 cars would deliver the children to the playing field during baseball season and about 30 to 40 cars would bring the children during football season. Because activities are scheduled for a certain specific time, the traffic would arrive and depart from the youth club activities at one time and it is anticipated that the traffic would be moving in one direction at any one time.

There were a number of protestants to the youth club application who appeared before the zoning board. Among them were Mr. and Mrs. S. B. Wheelock who stated that the easement did not exist and that they would not sell any part of their land for the purpose of ingress and egress to the subject premises. Of course, the easement does exist and the Wheelock's objection on this point was properly dismissed by the board. Other landowners were concerned about vandalism and the egress and ingress of emergency vehicles asserting that if cars were going to or coming from the subject premises, the passage of emergency vehicles would be impossible. However, no substantive facts or testimony was presented in support of these allegations, nor did any protestant ask for or suggest that fencing would be necessary along the easement.

This court has not heard or taken any additional testimony with respect to this appeal. Therefore, the sole question before the court is whether the board has

committed an error of law or abused its discretion in imposing the condition complained of by the youth club. See Valley Forge Industries, Inc. Appeal, 406 Pa. 387 (1962).

Both counsel agree with this court that the board has a right to impose *reasonable* conditions to the grant of a special exception. See Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 55 PS §10913; Good Fellowship Ambulance Club's Appeal, 406 Pa. 465 (1962). Thus, the issue resolves itself as to whether the condition imposed was reasonable under the facts and circumstances before the board. See Young Men & Women's Hebrew Association v. Monroeville Borough Council, 429 Pa. 283 (1968).

The cases decided by the appellate courts of our Commonwealth have held that a special exception is not an exception to a zoning ordinance. It is a permitted use which an applicant is entitled to have, unless the board determines, according to the standards in the zoning ordinance, that the use would adversely affect the community: Zoning Hearing Board v. Slavitz, 3 Com. Ct. 495 (1971). The existence of the special exception itself represents a legislative determination that the proposed use is permissible: Lower Providence Twp. v. Ford, 3 Com. Ct. 380 (1971).

A review of the record in this case discloses that there was nothing before the board which would support a conclusion that the easement in existence would not support traffic to the subject premises. Furthermore, the youth club agreed to provide parking space and turn-around facilities for traffic on the subject premises itself and not along the right-of-way. Thus, no vehicles would be parked on the right-of-way so as to impede ingress and egress of any vehicle, emergency or otherwise. The ample adult supervisors can

see that this is done as well as keeping the landowner's property free from trespass and vandalism.

In addition, it would be impossible for the youth club to secure more ground to widen the existing easement. The abutting landowners to the easement are on record as opposing any such proposal. The board is attempting to nullify a use it considered necessary to the public welfare by the imposition of a condition which is not supported by the record and which presumes the cooperation of abutting landowners who are opposed on the record to the widening of the existing easement.

The fact that the zoning board may have *fear* with the matter of access to the premises because of increased traffic and other safety problems does not justify the denial of the use of property permitted by special exception. An increase in traffic and the consequences thereof standing alone is not sufficient to justify the refusal of an otherwise valid use of land. The municipality has a heavy burden to establish that the traffic situation would have a high degree of probability of causing a serious detriment to the community which was not proven by the evidence: Delaware County Community College Appeal, 435 Pa. 264 (1969), and Berlant v. Lower Merion Township Zoning Hearing Board, 2 Comm. Ct. 583 (1971).

Our appellate court has very clearly stated the law in Young Men & Women's Hebrew Association v. Monroeville Borough Council, 283, 429 Pa. 288, which is applicable to the facts in this case, "The plaintiff is a nonprofit, Community Chest agency serving the public. Once it obtained the right to use its property for a recreational park, this right could not arbitrarily be taken away from it, even by council. The light of due process still shines, or should, in every court, legislative hall and executive chamber in America."

Under present existing conditions, with disrespect

for law and order and the increase of crime, particularly in the realm of juvenile delinquency, we believe that one of the most effective means of combatting this evil and strengthening the physical, mental and moral fibers of our youth is by the establishment of youth clubs and boys' clubs. From the evidence as presented, the court is of the opinion that appellant, the Brandywine Youth Club, Inc., will be maintained by its program in a manner that will protect the health and safety of its members as well as the public.

It is, therefore, the opinion of this court that the board has abused its discretion in imposing the first condition as set forth above. See Taged Inc. v. Zoning Board of Monroeville, 2 Com. Ct. 52 (1971); Rolling Green Golf Club Case, 374 Pa. 450 (1953); Young Men & Women's Hebrew Association, supra.

Therefore, we enter the following

## ORDER

And now, to wit, October 30, 1972, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

1. The decision of the Zoning Hearing Board of Concord Township whereby the Brandywine Youth Club, Inc., was granted a special exception for the use of the subject premises herein is affirmed upon compliance with conditions specified as no. 2 through 15, inclusive, in the decision of the zoning board.

2. The condition imposed by the Zoning Hearing Board of Concord Township on the grant of the special exception, to wit, "That the applicant have an access way at least 25 feet wide and that fencing be maintained on both sides of said access way for its full length," is hereby vacated and the special exception granted to the Brandywine Youth Club, Inc., is not conditioned upon compliance with said restriction.