Bernard Hankin and Miles Robinson, t/a Forest Park Apartments, Appellants *v.* Zoning Hearing Board of West Norriton Township, Appellee.

Argued April 7, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Clarke F. Hess,* with him *Stuart N. Cohen, H. Kenneth Butera,* and, of counsel, *Butera, Bresnan, Beausang & Moyer,* for appellants.

*Roger B. Reynolds, Jr.,* Assistant Counsel, with him *Russell J. Brownback,* Counsel, for appellee.

OPINION BY JUDGE ROGERS, May 3, 1978:

The appellants, Bernard Hankin and Miles Robinson, trading as Forest Park Apartments, desiring to construct semi-detached twin dwellings in a zoning district of West Norriton Township, Montgomery County, where such use was not permitted, applied for variances from the use regulation and also from offstreet parking and certain open space requirements of the township zoning ordinance. The appellee is the Township of West Norriton[1] which appeared at the Board hearing by the president of the Board of Commissioners who described the township's then position as one of neutrality on the applications for variances between the appellants and a group of protesting citizens who were present. The Zoning Hearing Board, after a hearing, granted the use variance but refused appellants' applications for variances from the parking and open space requirements. The appellants appealed the Board's action to the Court of Common Pleas of Montgomery County, which not only upheld the Zoning Hearing Board's refusal of the requests

---

[1] In its brief in this Court, the township for a reason which escapes us describes its status as that of amicus curiae. Since the township was in fact a party before the Zoning Hearing Board and, as we understand, appeared in the court below in opposition to the grant of any variance, we believe it was entitled to appear in this Court as appellee.

for variances from the parking and open space requirements but which also reversed the Zoning Hearing Board's grant of the use variance, although neither the protestants nor the township had appealed.

The appellants first argue that the court below should not have considered and decided the matter of the propriety of the grant of the use variance because that issue was not before it for decision. We agree. The appellants' zoning appeal notice of course stated no question concerning the use variance and no other party had appealed. As the Supreme Court said many years ago "[Where] [t]here is but one appellant . . . we could not on his appeal decide the case against him for a possible error of the court below in his favor." *Price v. Lancaster County,* 189 Pa. 95, 96, 41 A. 987 (1899).

The appellants next say that the Board's order denying their applications for the parking and open space variances was unreasonable and should have been reversed. We disagree. An applicant is entitled to a variance only where he establishes: (1) that the zoning regulation uniquely burdens his property in a fashion which creates unnecessary hardship; and (2) that the variance would not have an adverse effect upon the public health, safety or welfare. *Fretz v. Hilltown Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 471, 336 A.2d 464 (1975); *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974). We agree with the lower court that the appellants adduced no evidence demonstrating that the parking and open space regulation created unnecessary hardship, within the meaning of that term applied in zoning cases.

The appellants finally say that they should be entitled to the parking and open space variances because the township zoning ordinance fails to provide for the use of any twin dwellings and is therefore, un-

constitutionally exclusionary. Constitutional challenges to the substantive validity of zoning ordinances generally, rather than as applied to a particular property, must be pursued by procedures set forth in Section 1004 of the Pennsylvania Municipalities Planning Code, Act of July 1, 1968, P.L. 805, *as amended*, 53 P.S. §11004, not by a request for a variance. *Robin Corp. v. Board of Supervisors of Lower Paxton Township*, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1974). *See also, Spencer v. Board of Supervisors*, 23 Pa. Commonwealth Ct. 37, 350 A.2d 214 (1976); *Fretz v. Hilltown Township Board of Supervisors*, 22 Pa. Commonwealth Ct. 276, 348 A.2d 488 (1975).

Accordingly, we enter the following

ORDER

AND Now, this 3rd day of May, 1978, the order of the Court of Common Pleas of Montgomery County appealed from herein is vacated; and the order of the Zoning Hearing Board of West Norriton Township dated June 3, 1976, granting the appellants a variance to erect semi-detached twin dwellings and refusing the appellants' applications for other variances from the requirements of the Township Zoning Ordinance, is reinstated.