John R. Greene Associates, Appellant *v.* Zoning Hearing Board of Lower Allen Township, Appellee. Lower Allen Township, Party Appellee.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Francis A. Zulli, Reynolds, Bihl and Schaffner*, for appellant.

*Jerome T. Foerster, Cleckner and Fearen*, for appellee.

*Robert E. Yetter, Metzger, Wickersham, Knauss & Erb*, for party appellee.

OPINION BY JUDGE BLATT, February 12, 1981:

This is an appeal from the Court of Common Pleas of Cumberland County which affirmed an order of the Zoning Hearing Board of Lower Allen Township denying the application of Greene Associates (appellant) for a dimensional variance from the Township's zoning restrictions.

The property in question consists of two adjoining lots, each having dimensions of 25 feet by 120 feet, and together forming a rectangular tract 50 feet wide by 120 feet deep. The property is located in an R-2 zone which, under the Township's zoning ordinance, requires that single-family dwellings have a minimum side yard width of 15 feet. The appellant seeks a variance from the restriction to build a single-family dwelling on the two-lot tract, with the house being 26 feet wide and 44 feet deep, leaving a 15-foot side yard on one side of the house but only a 9-foot side yard on the other side. The appellant requests a dimensional variance to permit this 6-foot departure from the 15-foot side yard requirement on the grounds that the zoning requirements impose an unnecessary and unique hardship on the use of the land.

The Board concluded that the appellant did not show an unnecessary hardship and denied the variance. The lower court, without taking additional evidence, affirmed the Board's denial.

Where, as here, the court below receives no evidence, our review on appeal is limited to a determination of whether or not the Board has abused its discretion or committed an error of law. *Phelan v. Zoning Hearing Board of Lower Merion Township*, 19 Pa. Commonwealth Ct. 63, 339 A.2d 612 (1975). And it is clear that an applicant is entitled to a variance only where he establishes (1) that the zoning regulation uniquely burdens his property so as to create an unnecessary hardship and (2) that the variance will not have an adverse effect upon the public health, safety or welfare. *Board of Supervisors of Solebury Township Appeal*, 49 Pa. Commonwealth Ct. 267, 412 A.2d 163 (1980); *Hankin v. Zoning Hearing Board of West Norriton Township*, 35 Pa. Commonwealth Ct. 164, 384 A.2d 1386 (1978). *See also* Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of

July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912. Moreover, for variance purposes, an unnecessary hardship may be said to result when, due to the physical characteristics of the property, it is impossible to make use of the property as a permitted use or use is possible only at a prohibitive expense. *Canter v. Township of Abington Zoning Hearing Board*, 43 Pa. Commonwealth Ct. 132, 401 A.2d 1240 (1979); *Holmes v. Zoning Hearing Board of Kennett Township*, 39 Pa. Commonwealth Ct. 447, 396 A.2d 859 (1978).

At the hearing before the Board, a representative of the appellant was asked if it would be possible to build a house on the property in conformity with the 15-foot side yard requirements, and he responded: "If we get much narrower than the 26 feet, I think the building would take on the appearance of possibly a mobile home or a modular home, and I don't think it would do any justice to the homes in the existing neighborhood." This was the only testimony brought forth at the Board hearing concerning any unnecessary hardship, and we agree with the Board that the appellant did not thereby fulfill its burden of proving that the side yard requirements constituted an unnecessary hardship for it.

A careful reading of the record indicates only that the appellant cannot comply with the side yard requirements unless it builds a narrower house than the one it proposes to build, and we have previously held that yard requirements do not constitute an unnecessary hardship unless they make the construction of a residence on the property impossible. *Schaaf v. Zoning Hearing Board of Edinboro*, 22 Pa. Commonwealth Ct. 50, 347 A.2d 740 (1975); *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973).

The appellant's further argument that the condition alleged as a hardship was not self-inflicted is irrele-

vant. We will, therefore, affirm the order of the court below.

### ORDER

AND, Now, this 12th day of February, 1981, the order of the Court of Common Pleas of Cumberland County, dated December 3, 1979, which affirmed an order of the Zoning Hearing Board of Lower Allen Township, is affirmed.