Township of Coal, Appellant *v.* Helen Berthelsen Willis, Appellee.

Argued September 18, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*James J. Rosini,* for appellant.

*Jack C. Younkin,* for appellee.

OPINION BY JUDGE BLATT, November 13, 1981:

The appellant, the Township of Coal (Township), appeals an order of the Court of Common Pleas of Northumberland County which reversed a decision of the Township's Zoning Hearing Board (Board) denying a variance from the Township's zoning requirements. The variance had been requested by the appellee, Helen Berthelsen Willis, so that she might erect a two-story family dwelling, 24 feet wide and 48 feet long, on her residentially zoned lot, which measures approximately 31 feet 5 inches wide by 100 feet long. Both sides agree that Section 4.110 of the Township's Zoning Ordinance (Ordinance) requires side yards of 5 feet on the eastern side of the lot and 10 feet on the western side. The building which the appellee desires to construct, however, would leave only about 3 feet for a side yard on the eastern side and, perhaps, 4 feet 5 inches on the western side. To be in compliance with the Ordinance, of course, the building could be not more than 16 feet wide; 8 feet narrower than she wants her building to be.[1]

The Board denied the appellee's request for a variance and she appealed to the Court of Common Pleas where a hearing was held, de novo, and an opinion and order were filed by that court sustaining the appeal and directing the Board to issue a building permit. The appellant appeals this order.

---

[1] There are some ambiguities in the record as to the *exact* dimensions of the appellee's lot.

Our scope of review in a zoning case where, as here, the court below received additional testimony and evidence, is to determine whether or not that court abused its discretion or committed an error of law. *Cohen v. Zoning Board of Adjustment of the City of Pittsburgh,* 53 Pa. Commonwealth Ct. 311, 417 A.2d 852 (1980); *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980); *Citizens For a Clean Environment v. Zoning Hearing Board of Hanover Township,* 23 Pa. Commonwealth Ct. 12, 350 A.2d 419 (1976). And, the applicant for a variance has the burden of proving both (1) that the zoning ordinance uniquely burdens his property so as to create an unnecessary hardship peculiar to the property in question, and (2) that the variance will not have an adverse effect upon the public health, safety or welfare. *John R. Greene Associates v. Zoning Hearing Board of Lower Allen Township,* 56 Pa. Commonwealth Ct. 605, 425 A.2d 175 (1981); *Board of Supervisors of Solebury Township Appeal,* 49 Pa. Commonwealth Ct. 267, 412 A.2d 163 (1980); *McKay v. Board of Adjustment,* 8 Pa. Commonwealth Ct. 29, 300 A.2d 810 (1973); *see* Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

The issue here is, keeping in mind our scope of review, whether or not the court below erred in finding that the Ordinance created an *unnecessary hardship* on the appellee's property.[2]

---

[2] We find no merit in the appellee's argument that the "de minimus" doctrine should apply in this case. The facts here, as well as the type of area zoned, differ from the cases cited in the appellee's brief. We note the statement in one of those "de minimus" cases, *West Bradford Township v. Evans,* 35 Pa. Commonwealth Ct. 167, 171, 384 A.2d 1382, 1384 (1978), and recapitulate that:

We have previously held that a variance from side yard requirements will not be granted unless the said requirements make construction of an otherwise permitted building on the property *impossible* or unless such permitted use is possible only at a prohibitive expense. *John R. Greene Associates; see Kernick v. Zoning Hearing Board of the Municipality of Penn Hills*, 56 Pa. Commonwealth Ct. 512, 425 A.2d 1176 (1981); *Schaaf v. Zoning Hearing Board of the Borough of Edinboro*, 22 Pa. Commonwealth Ct. 50, 347 A.2d 740 (1975). The court below, however, itself noted that a residence narrower than the appellee desired *could* be constructed on the appellee's property in strict conformity with the provisions of the Ordinance's side yard requirements.[3] A permitted use or construction on the appellee's property, therefore, was *not* impossible, and no evidence was produced to show that such use would involve a prohibitive expense. The finding of the court that the proposed construction was not feasible[4] was clearly not sufficient to prove either an unnecessary hardship or prohibitive expense. We must hold, therefore, that the court erred in its conclusions and abused its

[W]e wish to emphasize that this is a rather unique case, and should not be construed as the beginning of a marked departure from the traditional law of variances.

In *John R. Greene Associates*, a "traditional zoning case," factually similar to the present case, we upheld the lower court's decision to deny a variance for a 6-foot departure from side yard requirements. Here, the appellee seeks a 7-foot-7-inch departure.

[3] In addition, the record reveals that testimony was given by the appellee's expert witness indicating that a 16-foot-wide home, either mobile, prebuilt or standard, could be placed or constructed on the appellee's lot. The same witness also testified that the neighborhood here concerned had a number of half-double homes, with each such home being only 12 feet 6 inches in width.

[4] This finding was based on testimony by the appellee's expert witness, who was a realtor and not an architect, that a 16-foot-wide home was not "architectually sound."

362

discretion in granting the variance. *See John R. Greene Associates.*

ORDER

AND Now, this 13th day of November, 1981, the March 26, 1980 order of the Court of Common Pleas of Northumberland County in the above-captioned matter is reversed and the Zoning Hearing Board of Coal Township's decision of November 8, 1978, and order of November 9, 1978 denying the appellee herein a variance is reinstated.