### Fleming v. Zoning Hearing Board of Haverford Township

*Leslie J. Carson, Jr.*, for appellants.
*William P. Lincke*, for intervenors.

SURRICK, *J.*, August 6, 1982—This is an appeal from the Zoning Hearing Board of Haverford Township which granted the application of John R. Williams and C. Jane Williams (hereinafter referred to as intervenors) for a use variance from the township's zoning restrictions.

The property involved is a single family detached residence on San Marino Road in the Bryn Mawr section of Haverford Township. The property is located in an R-4, Low-Medium Residential District. Under the township ordinance, single family detached dwellings, railway or bus passenger stations, and certain public utility facilities are uses by right in an R-4 Zone. Professional offices are permitted in an R-4 Zone as an accessory use but only when, inter alia, the office is located in the practitioner's residence and the office use is clearly incidental to the residential use of the dwelling.[1]

Intervenors intend to use the premises as an office for Mr. William's business, a communications planning firm. They do not intend to use the premises as their residence. Intervenors have requested a variance from the zoning ordinance's restrictions on use in an R-4 Zone arguing that the ordinance's restrictions impose an unnecessary and unique hardship on their use of the property in question.

The properties to the west of the subject premises on the southerly side of San Marino Road, as well as

---

1. The Haverford Township Zoning Ordinance specifically provides in pertinent part as follows with regard to permitting professional offices in residential districts:

a. Such offices shall be located in the dwelling in which the practitioner resides . . .

d. The profession shall be clearly incidental to the residential use of the dwelling or dwelling unit and shall not change the essential residential character of a dwelling." Section 201B.4 a and b.

those on the northerly side of San Marino Road, are single family residences. To the east and immediately adjacent to the involved property is a parking lot used by Philpenn, Inc., for the storage of automobiles. There are various other commercial properties in the immediate vicinity. An alleyway running along the rear of the subject property services the residential and commercial properties in the area. Intervenors argue that the involved property's proximity to these commercial uses imposes a unique and unnecessary hardship on the property and justifies the grant of a variance. The zoning hearing board agreed and granted the variance. For the following reasons, we reverse.

Where no additional testimony is taken, the scope of this court's review on appeal is limited to a determination of whether the board has abused its discretion or committed an error of law. John R. Greene Associates v. Zoning Hearing Board of Lower Allen Township, 56 Pa. Commw. 605, 426 A. 2d 175 (1981).

The grant of a variance requires that two propositions be established: (1) that the zoning restrictions impose a unique burden on the subject property so as to create an unnecessary hardship; and (2) that the variance will not adversely affect the public welfare. Valley View Civic Association v. Zoning Board of Adjustment, No. 710 C.D. 1981 (Pa. Commw., June 22, 1982); John R. Greene Associates v. Zoning Hearing Board of Lower Allen Township, supra. In Valley View, the Commonwealth Court reviewed the law of variances and stated:

"Unnecessary hardship can be established by showing 1) that the physical characteristics of the property are such that it cannot be used for permit-

ted purpose or that it could be so used only at prohibitive expense or 2) that the characteristics of the area are such that the property has no value or has only distress value if used for a purpose permitted by the ordinance. Avanzato Appeal, 44 Pa. Commw. Ct. 7, 403 A. 2d 198 (1979); Eighteenth & Rittenhouse v. Zoning Board of Adjustment, 26 Pa. Commw. 554, 364 A. 2d 973 (1976). Variances, particularly those authorizing commercial uses in a residential district, should not be liberally granted. Pfile v. Borough of Speers, 7 Pa. Commw. 226, 298 A. 2d 598 (1972). A variance should be granted in exceptional cases only and the applicant's burden of proving its need is heavy. J. Richard Fretz, Inc., v. Hilltown Township Zoning Hearing Board, 18 Pa. Commw. 471, 336 A. 2d 464 (1975)."

Valley View Civic Association v. Zoning Board of Adjustment, supra. As in Valley View, the issue in this appeal is whether the board erred in concluding that the intervenors had met their burden of establishing an unnecessary hardship which would justify the grant of a' variance.

The intervenors rely on the commercial use of the Philpenn, Inc. property and other nearby properties to establish unnecessary hardship. However, as the court in Valley View, supra, stated:

"While the use of adjacent and surrounding land may be relevant in determing whether unnecessary hardship exists, we have noted in the past that it is not conslusive, absent a showing that the property is rendered practically valueless as zoned." (Citations omitted.)

A review of the record of the proceedings before the zoning board reveals that there is absolutely no evidence whatsoever to indicate that the subject

property cannot be used as a residence or that it has little or no value as a residence. The whole of intervenors' case before the zoning board was testimony concerning the poor location and view of the subject premises because of its close proximity to certain commercial uses. Moreover, intervenors made no attempt to rebut the testimony of witnesses before the board who stated that there were potential buyers of the property who would use the premises as a residence.

Under the circumstances, we conclude that the zoning board's grant of a variance to intervenors is not supported by substantial competent evidence establishing unnecessary hardship.[2] By granting a variance without such evidence, the zoning board has abused its discretion. Accordingly we enter the following

## ORDER

And now, August 6, 1982, upon consideration of the decision of the Zoning Hearing Board of Haverford Township dated May 14, 1981, in Case No. 4-5 of 1981, it is ordered and decreed that said decision be and the same is hereby reversed.

2. We find it interesting and significant that the Zoning Board in its decision granting this variance also specifically ordered that ". . . this variance shall extend to no other use or persons" and that ". . . abandoment or sale of the subject premises shall result in the reversion of said property to its residential use." (See Zoning Board of Haverford Township, Decision and Order dated July 6, 1981).