Anthony Rushford et al. *v.* Zoning Board of Adjustment of Pittsburgh et al. Gregory J. Winokur and Amy G. Winokur, his wife, and A. G. Associates, Appellants.

Argued October 6, 1983, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*John M. Silvestri,* for appellants.

*James G. Dunn, Wymard & Dunn,* for appellees.

OPINION BY JUDGE BARRY, April 2, 1984:

This appeal arises from an order of the Court of Common Pleas of Allegheny County, reversing an order of the Zoning Board of Adjustment of Pittsburgh (Board) which granted a variance to the appellants, Gregory J. Winokur and Amy G. Winokur, his wife.

The appellants sought a rear yard variance of twenty-one feet from the Board in order to put an addition containing an indoor swimming pool to the rear of an existing single family dwelling. The Board held a hearing on August 6, 1981. On September 17, 1981, the Board granted the application. The present appellees, Anthony and Alison Rushford, David and Sally Ketchum and Ray Williams, neighbors of appellants, filed a timely appeal on October 16, 1981, by which time appellants had commenced construction. The appellants filed a notice of intervention and a motion to quash the appeal alleging the failure to properly serve appellants with notice of the appeal and a true and correct copy of a petition for bond which were necessary as a condition to proceed with the appeal.

Pursuant to Allegheny County Local Rule of Civil Procedure 212, a pre-trial conciliation was scheduled for November 16, 1981. When appellants' attorney failed to appear, allegedly because he was not notified, the trial court held an ex parte conciliation. Without holding a hearing or allowing argument, the trial court on December 24, 1981, denied appellants' motion to quash and petition for bond. At that time, the court gave appellants twenty days to file a brief on the merits of the appeal. On January 22, 1982, the trial court, without taking additional testimony reversed the Board's grant of a variance. This appeal followed.

Appellants argue that the trial court denied them due process for a number of reasons. They claim that the trial court erred when it conducted a conciliation with only appellees' counsel present. The trial court scheduled this conciliation before appellants had filed their timely notice of intervention. Appellants claim that conducting the conciliation when they were not present gives an appearance of impropriety and "gives rise to a cloud over the fairness in the handling of this case." However, we cannot agree. The appellants incurred no deprivation of their rights since a conciliation merely offers the opportunity to discuss the settlement of a case. As appellants can show no specific prejudice, this claim is meritless.

The appellants next contend that Section 1008 of the Pennsylvania Municipalities Planning Code (Code), Act of June 1, 1972, P.L.     , as amended, 53 P.S. §11008, requires a hearing where a landowner files a petition for bond in order to determine whether an appeal is frivolous or taken for the purpose of delay. We need not address this contention since the Code does not apply to the City of Pittsburgh because the definition of a municipality does not include cities of the second class (i.e. Pittsburgh).[1] 53 P.S. §10107 (13) (Supp. 1983-84).

Appellants next argue that the court erred in refusing to allow oral argument on the motion to quash. Appellants rely on Pa. R.C.P. No. 211 and Nigrelli v. Cody, 281 Pa. Superior Ct. 156, 421 A.2d 1195 (1980). Pa. R.C.P. No. 211 provides:

Any party or his attorney shall have the right to require oral argument. With the approval of the court, oral argument may be dis-

---

[1] For this same reason, we need not address appellants' contention that they did not receive proper notice of the appeal under Section 1008(3) of the Pennsylvania Municipalities Planning Code, 53 P.S. §11008(3).

pensed with by agreement of the attorneys and the matter submitted to the court either on papers filed of record or such briefs as may be filed by the parties.

In *Nigrelli,* the court prematurely ruled on an action involving a $10,000.00 note, before either disposing of an outstanding motion to compel further deposition testimony from the plaintiff or giving the defendant an opportunity to present other deposition testimony. The court decided the case without notice to the parties, even though neither party had ordered the case for decision, without argument, and without an agreement by the parties to dispense with the same. The Superior Court held that these circumstances compelled the conclusion that the trial court had flagrantly abused Rule 211. The situation here is not the same as in *Nigrelli.* The appellants, moreover, do not present any valid reasons why the trial court erred in refusing the motion to quash. Any error in refusing oral argument is harmless.

Appellants also contend that the entry of a final order rather than an adjudication from which exceptions could be filed deprived them of the opportunity to allege error on the part of the trial court. Suffice it to say that they now have that opportunity in this Court.

Appellants allege that the trial court abused its discretion in reversing the Board's grant of a variance by misapplying the proper standard of review, thereby ignoring evidence supporting the grant of the variance. When a trial court receives no additional testimony or evidence, its review will be limited to a determination of whether the Zoning Board abused its discretion or committed an error of law and whether its necessary findings are supported by substantial evidence. *Ramondo v. Zoning Hearing Board,* 61 Pa. Commonwealth Ct. 242, 434 A.2d 204 (1981). The trial

court took no additional evidence and properly restricted its review.

Appellants further contend that the variance requested for the proposed addition is not unreasonable or detrimental to the community. Appellants, however, ignore the proper criteria they were required to meet. To establish entitlement to a variance appellants must show: "(1) that the zoning regulation uniquely burdens his property so as to create an unnecessary hardship and (2) that the variance will not have an adverse effect upon the public health, safety or welfare." *J. R. Greene Associates v. Zoning Hearing Board,* 56 Pa. Commonwealth Ct. 605, 426 A.2d 175 (1981); *see also Board of Supervisors of Solebury Township Appeal,* 49 Pa. Commonwealth Ct. 267, 412 A.2d 163 (1980) and *Hankin v. Zoning Hearing Board of West Norriton Township,* 35 Pa. Commonwealth Ct. 164, 384 A.2d 1386 (1978). To demonstrate unnecessary hardship it must be shown that if a variance is not granted, then the property would be rendered almost valueless. *Schaefer v. Zoning Board of Adjustment,* 62 Pa. Commonwealth Ct. 104, 435 A.2d 289 (1981); *Heisterkamp v. Zoning Hearing Board, City of Lancaster,* 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978). The Zoning Board premised its finding of unnecessary hardship on the condition of the abutting property where the house comes within five feet of the back property line, a deviation which predated the present zoning ordinance. As the trial court pointed out, the existence of a neighboring nonconforming use is irrelevant on the question of unnecessary hardship. Moreover, a review of the record reveals no evidence that the property would be rendered almost valueless if the construction of a swimming pool was not allowed. Furthermore, a showing that appellants would suffer mere economic hardship does not demonstrate unnecessary hardship. *Id.;*

*Overstreet v. Zoning Hearing Board, Schuylkill Township*, 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980). Thus the appellants failed to meet their burden of showing unnecessary hardship and the Board committed an error of law in holding to the contrary.

Affirmed.

### ORDER

AND Now, April 2, 1984, the order of the Court of Common Pleas of Allegheny County, case No. SA 1202 of 1981, dated January 22, 1982, is hereby affirmed.