In the Matter of the Borough of Forest City Abolition of Wards. Borough of Forest City, Appellant.

Argued September 10, 1984, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

600

*Robert J. Fields,* for appellant.

*Jeffrey T. Tucker, Curtin and Heefner,* for appellee.

OPINION BY JUDGE MACPHAIL, October 31, 1984:

Appellant, the Borough of Forest City (Borough), appeals from an order by the Court of Common Pleas of Susquehanna County which dismissed the Borough's petition to abolish all Borough wards. We vacate and remand.

The Borough filed its petition on October 19, 1982, pursuant to Section 601 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §45601 (Borough Code), requesting that the trial court abolish the Borough's two wards. A hearing was scheduled for November 30, 1982, at which time the trial court granted the motion of the Forest

City Regional School District (School District) and Henry Prince to intervene. A hearing was held on March 29, 1983[1] and subsequently the trial judge refused and dismissed the Borough's petition. The Borough appealed the decision to this Court and the School District filed a motion to dismiss the appeal for failure to file exceptions or to praecipe for entry of final judgment. Both the appeal and the motion to dismiss are now before this Court.

The School District argues that this matter is governed by Pa. R.C.P. Nos. 1038(d) and 1518 which it says requires the Borough to file exceptions within ten days of the trial judge's decision, or such exceptions are deemed waived.[2] The School District argues that because the Borough failed to file exceptions to the decision of the trial judge, that decision was not final and therefore there is no final judgment from which an appeal may be taken to this Court. We disagree. The Borough's petition to abolish wards is neither an action in assumpsit which Pa. R.C.P. 1038 addresses, nor is it an action in equity which Pa. R.C.P. 1518 addresses. The Borough petitioned to abolish wards pursuant to the statutory authority set forth in the Borough Code. There is no language in the Borough Code which requires that exceptions must be filed to the trial court's decision on the petition to abolish wards, or that a decision by a single judge does not constitute a final decision. Furthermore, the School District has failed to cite to this Court any rules in the Court of Common Pleas in

---

[1] Both the Borough and School District filed preliminary objections which were withdrawn prior to the hearing.

[2] Pa. R.C.P. 1518 and Pa. R.C.P. 1038(d) which explain when exceptions must be filed were rescinded October 19, 1983, effective January 1, 1984. Since the hearing was held on March 29, 1983, the rescission to the rules does not apply to the instant case.

Susquehanna County which require exceptions to be filed to a single judge's decision on a petition to abolish wards. We hold that the trial judge's decision to deny the petition to abolish wards was a trial decision which was ripe for appeal to this Court; therefore, the School District's motion to dismiss must be denied.

Concerning the substantive issues on appeal, we note that the order of the trial court states that the trial judge found no pressing or substantial reason for the elimination of the wards. It is apparent to us that the trial court has broad discretionary power to enter an appropriate order in such proceedings and in the absence of an abuse of that discretion, error of law or deprivation of constitutional rights, this Court will not disturb that order.

The Borough is presently divided into two wards, two election districts and three regions for the election of school directors. The Borough's petition states that the wards should be abolished because such action would "enhance" the one-man, one-vote requirement of the Constitution of Pennsylvania.[3] The petition avers that the Borough's existing wards are disproportionate in population and registered voters which situation the Borough contends would require reapportionment under the Municipal Reapportionment Act, Act of December 13, 1974, P.L. 947, 53 P.S. §§11601-11609, if the wards were not abolished.

Testimony at the evidentiary hearing, however, did not produce any evidence on population figures for the two wards other than that the total population for the entire Borough according to the 1980 census was 1,924. Evidence regarding the disproportionate number of registered voters in the two wards

[3] Article II, Section 16.

was properly disregarded by the trial court.[4] Although the trial court misstated the issue in the case as being whether the Borough should *reapportion* its wards because of the one-man, one-vote rule, the court concluded that mere disproportion in registered voters would not require the Borough to *abolish* the wards.

The trial court relying on Section 303 of the Public School Code of 1949[5] (School Code), held that an adjoining county would have exclusive jurisdiction over any proceedings which would amend or affect the regional plan for the election of school districts because that county had the larger land area included in the two county district. In concluding its discussion of this issue, the trial court stated that the difficulties incurred by abolishing the wards would negate any benefits "and could affect the negotiability of the already marketed and outstanding bond issue." The Borough protests in this appeal that the abolition of its wards would have no affect whatsoever on elections or outstanding bond issues of the School District and that the trial court erred by grounding its decision in part on that issue. We agree. The trial court here clearly had subject matter jurisdiction in this case by virtue of Section 601 of the Borough Code. Section 303 of the School Code does not oust that statutorily conferred jurisdiction on a matter relating to the abolition of wards, nor does it in any way prevent or restrict the exercise of the powers of the trial court vested with jurisdiction under the Borough Code in a consideration of whether wards should be abolished.

---

[4] Section 603 of the Municipal Reapportionment Act, 53 P.S. §11603 provides that election districts, including wards, shall be as nearly equal in *population* as practical.

[5] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §3-303(c).

604

Because of the trial court's erroneous consideration of the irrelevant school issue and its undue concern that if it acted to abolish the Borough's wards it might impose difficulties upon the School District and jeopardize its financial situation, we believe the case before us must be remanded to the trial court for reconsideration of its decision based solely upon the relevant evidence under the pertinent provisions of the Borough Code. It may well be that the trial court will reach the same result but we believe it would be beyond the scope of our appellate review to presume that to be the fact.

ORDER

The Forest City Regional School District's Motion to Dismiss the Appeal is denied. The order of the Court of Common Pleas of Susquehanna County dated February 2, 1984, No. 1982-1056 Civil, is vacated and remanded for consideration not inconsistent with this opinion. Jurisdiction relinquished.