Irving Roth, Appellant *v.* Zoning Hearing Board of Springfield Township and Speedy Muffler King, Inc., Appellees

Submitted on briefs June 4, 1985, to Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Ronald M. Agulnick, Pitt, Agulnick, Supplee, Johnson & Slade,* for appellant.

*Joseph A. Damico, Jr.,* with him, *Denis M. Dunn, Petrikin, Wellman, Damico, Carney & Brown,* for appellee, Speedy Muffler King, Inc.

OPINION BY SENIOR JUDGE BARBIERI, August 30, 1985:

Irving Roth (Roth) appeals the order of the Court of Common Pleas of Delaware County affirming the grant of dimensional variances to Speedy Muffler King, Inc. (Speedy) by the Zoning Hearing Board of

Springfield Township (Board). Also before us, is Speedy's motion to quash Roth's appeal for failure to reduce the order of the common pleas court to judgment.

Speedy is the equitable owner of a corner lot (the property) located in Springfield Township (Township) at the intersection of Baltimore Pike and Woodland Avenue. The property is located in an E-Business Zone under the Township's Zoning Ordinance (Ordinance). Prior to the adoption of the Ordinance, the property, which is 15,170 square feet, was created by the subdivision of a larger tract. Lots in the E-Business Zone are required to be at least 50,000 square feet in size and have at least 175 feet of road frontage. Besides being greatly undersized, the property has less than 100 feet of frontage on both Baltimore Pike and Woodland Avenue. Consequently, the property has always been non-conforming in size under the Ordinance. Moreover, the existing building on the property, formerly a gasoline service station and repair shop, does not meet the Ordinance's fifty foot rear yard setback as it has only a sixteen foot six inch setback from the back of the property.

Speedy proposes to build a muffler repair shop on the property which is a permitted use in the E-Business Zone. Speedy intends to raze the existing building and replace it with a larger structure. In order to accomplish its plans, Speedy required, and requested, from the Board dimensional variances to reduce the rear yard setback to a line varying from nine feet six inches from the property line to six feet six inches, to permit erection of a structure and improvements on the non-conforming lot, to permit reduced side yards and to permit the storage of trash outside the building. After a public hearing, the Board granted Speedy's variance requests over

Roth's protest[1] and on appeal, the common pleas court, taking no additional evidence, affirmed.[2]

Before this Court, Roth primarily questions[3] the legality of the Board's grant of the variances on the ground that Speedy did not demonstrate the requisite unnecessary hardship peculiar to the property.

Following Roth's appeal, Speedy filed a motion to quash for failure to reduce the order of the common pleas court to judgment. Speedy's motion to quash was directed[4] for argument with the merits of the appeal and we will first address Speedy's motion.

Inasmuch as our jurisdiction to hear appeals from the courts of common pleas is limited to final orders by Section 762(a) of the Judicial Code, *as amended,* 42 Pa. C. S. §762(a), Speedy has moved to quash Roth's appeal pursuant to Pa. R.A.P. 301(c).[5] We reject this argument.

---

[1] Before the Board, Roth's protest of Speedy's requests was joined by Jerome Sauls. Roth and Sauls also jointly appealed to the common pleas court; however, on appeal to this Court, Roth is the sole appellant. In its brief to this Court, Speedy concedes that Roth has standing.

[2] Where, as here, the common pleas court does not take additional evidence, our review is to determine whether the Board abused its discretion or committed an error of law. *Marlowe v. Zoning Hearing Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980).

[3] In addition to his main theory of error, Roth challenges the grants of the variances on the public safety issue of increased fire hazard due to the reduced rear setback. Also, he alleges error on the part of the common pleas court to the extent that that court based its affirmance of the variances on what it termed as Roth's questionable motives in opposing Speedy's requests. We need not reach these issues, however, due to our disposition of the controlling issue.

[4] By Order of Judge BLATT of this Court issued October 11, 1984.

[5] Rule 301(c) provides:

ORDERS NOT APPEALABLE. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the

We believe that because appeals in zoning cases are governed exclusively by Sections 1001-1011 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§11001-11011, and because there is no reference therein to a requirement of reducing a common pleas court order to judgment prior to filing an appeal to this Court, the order of the common pleas court in this matter constitutes an appealable final order which was not required to be reduced to judgment prior to appeal. *Cf. Borough of Forest City Appeal,* 85 Pa. Commonwealth Ct. 599, 482 A.2d 1375 (1984).[6] Accordingly, we will deny Speedy's motion to quash.

Turning to the merits of this case, we note initially that our disposition of the question of the dimensional variances will be determinative[7] and that we are not concerned with an impermissible use under the Ordinance. A muffler repair shop is a permitted use within the E-Business Zone. Therefore, within the limits of our scope of review,[8] we must determine whether the Board correctly concluded that Speedy met its burden of proving both (a) that the Ordinance unique-

specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.

[6] In *Forest City* we held that a petition by a borough to abolish wards is neither an action in assumpsit nor in equity and Rules of Civil Procedure requiring exceptions to be filed as a prerequisite for appeal do not apply. Moreover, such a procedure is controlled by the provisions of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§45010-48501, which does not provide for an exceptions practice, nor does it provide that a decision by a single common pleas court judge does not constitute a final decision; consequently, the order of the trial judge in *Forest City* did constitute an appealable order.

[7] *See* note 3.

[8] *See* note 2.

ly burdens its property so as to create an unnecessary hardship peculiar to that property, and (2) that the variances will not have an adverse effect upon the public health, safety or welfare. *Township of Coal v. Willis,* 62 Pa. Commonwealth Ct. 358, 436 A.2d 1075 (1981).

In granting Speedy's requested variances, the Board relied on *Amoco Oil Company v. Ross Township Zoning Hearing Board,* 57 Pa. Commonwealth Ct. 376, 426 A.2d 728 (1981), as did the common pleas court. Under *Amoco,* the Board stated that

[t]raditionally, the necessary hardship for a variance may be found only in the property's unique physical characteristics; however, in a situation as in the instant case, our Courts have held that a variance may be found not only in the property's unique physical characteristics, but as well in the true need to expand the use in response to the dictates of business.

Roth contends, however, that the Board's reliance on *Amoco* in this case constituted reversible error. We agree.

Although the *Amoco* Court did order that dimensional variances be granted, that case is distinquished from the matter *sub judice* because *Amoco* involved the *expansion of a non-conforming use.* The oil company was seeking to convert a full-service gasoline station to a self-serve and could not do so without the dimensional variances. It was the conversion which was required by the business dictates of Amoco's existent non-conforming use. Instantly, there is no such request to expand a non-conforming use, both the prior use as a gasoline station and the proposed use are permitted within the zoning district. Consequently, we cannot agree that Speedy's *desire* to conduct a muffler repair business on the property can be equated to the need to expand an existing non-con-

forming use in response to the business dictates of that non-conforming use. Consequently, we believe that Speedy must be held to have failed to meet its burden of proving an unnecessary hardship because it is apparent that the property is suited for uses other than that proposed by Speedy. Accordingly, it was error for the Board to grant the dimensional variances here involved and we must, therefore, reverse the order of the common pleas court.

## ORDER

AND Now, this 30th day of August, 1985, the motion filed by Speedy Muffler King, Inc. to quash the appeal filed by Irving Roth is denied. The order of the Court of Common Pleas of Delaware County, dated July 19, 1984, is reversed.