## Trone v. Littlestown Borough Zoning Hearing Board

Harry L. McNeal Jr., for plaintiff.
John R. White, for defendants.

KUHN, *J.,* October 11, 1991—The procedural background is not in issue. On November 6, 1990, Littlestown Borough Zoning Hearing Board held a hearing on a zoning matter affecting property owned by Victor A. Trone. The board rendered its written decision on December 13, 1990. On January 11, 1991, Trone appealed the board's decision to this court resulting in a writ of certiorari being issued on the board. On January 24, 1991, the board filed its record with this court, however, the record included a "decision" which contained findings of fact and conclusions of law not theretofore presented to Mr. Trone.

On March 14, 1991, Mr. Trone filed the instant petition asking this court to strike the findings of fact and conclusions of law included with the record.

Mr. Trone argues that once his appeal has been filed, the board has no authority or jurisdiction to supplement the record with findings and conclusions. The board counters by arguing that the Pennsylvania Municipalities Planning Code, 53 P.S. §10101 et seq. does not prohibit the procedure followed in this case and that it is too burdensome to

fully comply with the code and the requirements of the Sunshine Act, 1986, July 3, P.L. 388, 65 P.S. §271 et seq.

Several code sections are applicable to the issue presented:

It is required by 53 P.S. §10908(9) that the board render a written decision within 45 days after the last hearing before the board and where the zoning application is contested or denied, the board's decision "*shall* be accompanied by findings of fact and conclusions based thereon together with the reasons therefor." (emphasis added)

The board is required by 53 P.S. §10908(10) to deliver a copy of its final decision to the applicant no later than the day following the date of the decision.

Here, the board did render its decision within 45 days and mailed its decision to Mr. Trone as required by the code. However, the board made no findings of fact or conclusions available to Mr. Trone until after his appeal was filed.

Obvious frustration accompanies both sides of this issue. First, a zoning applicant who appeals a board's decision to the Court of Common Pleas must "concisely set forth the grounds" upon which he relies. 53 P.S. §1103-A(a). Instantly, Mr. Trone could not set forth grounds regarding findings and conclusions if they were not available to him before his appeal was filed. The board faces difficulty also. If the board members want to meet to prepare findings and conclusions to support its decision that meeting may fall with the parameters of the Sunshine Act which requires that "deliberations[1] by a quorum of the members" take place at a meeting

---

1. "Deliberation" is defined in the code as "the discussion of agency business held for the purpose of making a decision." 65 P.S. §273.

open to the public. Practicality may make that deliberation process burdensome. At this time, however, the record is inadequate to determine whether the Sunshine Act even applies in the case sub judice. The court has insufficient evidence to determine whether the forum utilized by the board to discuss, prepare and/or adopt the findings and conclusions involved a quorum of the members, 65 P.S. §274, or a work session used to deliberate the board's records at which no action was taken, 65 P.S. §277(c). Likewise, we have not been properly presented with the applicability of 65 P.S. §283 dealing with business transacted at an unauthorized meeting. This opinion is not intended to advise municipal boards regarding the proper forum in which to prepare its findings and conclusions. Perhaps that issue will arise another day.

The central issue now before the court is whether to strike the findings and conclusions entered in this record after the appeal has been filed. We find 53 P.S. §10908(9) to be mandatory in its requirement for the findings and conclusions to accompany the board's decisions.[2] We find that the board acts improperly if it awaits the filing of an appeal before entering its findings and conclusions. Although the board may articulate practical reasons for its delay, it has no authority to disregard the legislative mandate set forth in the code. The board's concerns should be addressed with the Legislature and not the

---

2. There is no ambiguity in the language of 53 P.S. §10908(9) requiring the decision to be "accompanied" by findings and conclusions, therefore, that language must be interpreted literally. 1 Pa.C.S. §1921(b)

courts. The applicant should not be forced to guess why and on what basis the board rendered a particular decision before deciding whether to appeal.[3]

Although the court would much prefer that findings and conclusions be rendered by the board, before whom the witnesses appeared, we conclude that we cannot accept the board's findings and conclusions entered after December 13, 1990, because of its violation of 53 P.S. §10908(9) nor can we remand the record to the board because the code directs that "if the record does include findings of fact . . . the court *shall* make its own findings." 53 P.S. §11005-A. (emphasis added)

At risk is the burden of review. If the record contains findings of fact, the court's review is limited to whether the board abused its discretion or committed error of law or whether the findings are supported by substantial evidence. *Rushford v. Zoning Board of Adjustment of Pittsburgh,* 81 Pa. Commw. 274, 473 A.2d 719 (1984). As noted, if the record contains no findings, the court must make those findings, therefore, the review differs significantly.

Accordingly, the attached order is entered.

## ORDER OF COURT

And now, October 11, 1991, appellant's petition containing motion to strike findings of fact and conclusions of law filed March 14, 1991, is granted and those matters are stricken from the record.

---

3. One might suggest that where the board's findings and conclusions are amended to the record after the appeal is taken, no harm is suffered if the court accepts those findings and conclusions as part of the record while allowing the appellant an opportunity to supplement his grounds for appeal. We reject this approach as creating a breeding ground for abuse and a denial of due process as well as violating the code.