421 A.2d 1195

**Ernest J. NIGRELLI**

v.

**Richard F. CODY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed Sept. 5, 1980.

Reargument Denied Dec. 24, 1980.

Arthur H. Stroyd, Jr., Pittsburgh, for appellant.

Samuel J. Goldstein, Pittsburgh, for appellee.

Before HESTER, MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

The appellant, Richard F. Cody, on April 25, 1958 executed a $10,000 note with a confession of judgment clause, due one year after date, to appellee Ernest J. Nigrelli. In 1977 Nigrelli filed a complaint in confession of judgment, and obtained a judgment for $21,700, including the $10,000 face amount and $11,700 interest. Cody petitioned the court to open or strike the confessed judgment, alleging several defenses. The court below issued a rule on Nigrelli to show cause why the judgment should not be opened or stricken.

Cody took Nigrelli's deposition in order to provide evidence in support of his defenses. Nigrelli refused to answer certain questions relating to whether he had made demand for payment of the note, and whether he had received payment for the note through an arrangement whereby he received regular checks from one of Cody's business ventures, Sunset Memorial Parks, Inc. Cody filed a motion to compel Nigrelli to answer the questions. The administrative judge of the court below entered the following order:

"AND NOW, to wit, this 5th day of October, 1978, it is hereby

ORDERED, ADJUDGED and DECREED

that any further testimony by deposition must be taken within fifteen (15) days of this Order, and the interrogation shall be confined to the judgment which is the subject of this case."

On October 20, 1978, Cody again took Nigrelli's deposition, but Nigrelli refused to answer the same questions. Cody filed a "DEFENDANT'S MOTION TO OPEN JUDGMENT AND TO COMPEL DEPOSITION TESTIMONY," contending in the alternative that Nigrelli's refusal to answer these questions constituted sufficient grounds to open the judgment, or that Nigrelli should be ordered to respond to the questions. In support of the motion, Cody attached his own affidavit describing how he hoped to supply evidence for his defenses through the answers to these questions. During the following weeks, Cody's counsel also filed with the court below the two incomplete Nigrelli depositions, the deposition of another witness, an affidavit by the bookkeeper for Sunset Memorial Parks, Inc. during the period 1958–60, and a letter from a certified questioned document examiner, stating his opinion that the word "(SEAL)" had been typed onto the judgment note after it had been signed by Cody.

After these documents, the next item appearing in the record is the following order signed by the administrative judge:

"AND NOW, to wit, this 13th day of March, 1979, it appearing that affidavits are not admissible as deposition testimony by virtue of Rule 2959(c) for the purpose of determining whether a Rule to Show Cause whether a judgment should be opened and/or stricken should be made absolute or discharged, upon a review of the record properly before the Court, it is

ORDERED, ADJUDGED and DECREED

that the Rule to Show Cause entered by this Court is herewith discharged."

In this appeal from that order, Cody contends that the ruling by the administrative judge was premature because the judge had neither disposed of the outstanding motion to compel further deposition testimony from Nigrelli, nor given any opportunity to Cody to present other evidence in the form of deposition testimony. We agree. We do not understand how the administrative judge could decide the case at that point, since the record contains no indication that the case had even been ordered on the argument list.

The procedure which should have been followed in this case is stated in Pennsylvania Rule of Civil Procedure 209, which provides:

> If, after the filing and service of the answer, the moving party does not within fifteen days:
>
> (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or
>
> (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

A unanimous en banc opinion by Judge Spaeth discusses the operation of Rule 209 as follows:

> Here, when the lower court ruled on the petition, neither party had taken any action under Rule 209. Neither party had ordered the cause for argument—or, more precisely (since both parties in their praecipes declined oral argument), for decision—on petition and answer. Since Rule 209 places no time limit on respondent's taking of a rule on petitioner, both appellee as respondent and appel-

lant as petitioner had the option (until entry of the lower court's order) to take action. Until one of the parties did act as provided by the Rule, or until some other force spurred matters along, the court should not have acted.

We do not mean that a motions court must wait for the parties to bestir themselves. We have said, "until some other force spurred matters along." The motions court itself may set a timetable for taking of depositions and for decision. If the court does this, however, it must give notice to the parties. In the present case, no notice was given.

*Maurice Goldstein Company, Inc. v. Margolin*, 248 Pa.Super. 162, 166–67, 374 A.2d 1369, 1371–72 (1977) (footnotes omitted); *see also Zinck v. Smashy's Auto Salvage, Inc.*, 250 Pa.Super. 553, 556–57, 378 A.2d 1287, 1288 (1977); *Instapak Corporation v. S. Weisbrod Lamp & Shade Co., Inc.*, 248 Pa.Super. 176, 181–82, 374 A.2d 1376, 1379 (1977).

Like the motions judge in *Maurice Goldstein Company, Inc. v. Margolin, supra,* the administrative judge of the court below simply decided the case without notice to the parties, even though neither party had ordered the case for decision. The procedure followed here was an even more flagrant abuse than in *Maurice Goldstein,* since here the parties had not waived their right to oral argument under Pennsylvania Rule of Civil Procedure 211.[1]

■ The administrative judge filed no opinion. Pennsylvania Rule of Appellate Procedure 1925(a) provides:

(a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for

1. Pennsylvania Rule of Civil Procedure 211 provides in pertinent part: "Any party or his attorney shall have the right to argue any motion and the court shall have the right to require oral argument. With the approval of the court oral argument may be dispensed with by agreement of the attorneys and the matter submitted to the court either on the papers filed of record, or on such briefs as may be filed by the parties."

the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

On the front of the original record in this case, there is a handwritten note, signed by the administrative judge, stating: "No opinion necessary reason in Order." We do not view this statement as substantial compliance with Rule 1925(a), since the order appealed from does not justify, or even explain, the procedure followed in this case.[2] We also find unhelpful the observation, in the order denying Cody's application for reconsideration, ". . . that every opportunity has been provided Richard F. Cody to establish defenses through admissible means and there must be some point where a determination is made, and, in this case that point has been reached . . . ." After a thorough search of the entire record, we are unable to find any support for this conclusion.[3]

Order vacated, petition to open confessed judgment reinstated, and case remanded for further proceedings consistent with this opinion.[4]

2. *Instapak Corporation v. S. Weisbrod Lamp & Shade Co., Inc.*, 248 Pa.Super. 176, 182–83, n.8, 374 A.2d 1376, 1379, n.8 (1977) discussed the possibility that a local rule could vary the Rule 209 procedure, and even provide for automatic listing on petition and answer. We are unable, however, to locate any such local rule in the Allegheny County Common Pleas Court Manual, a compendium published by the Rules Revision Committee of the Allegheny County Bar Association. While under other circumstances we might have remanded for an opinion explaining the reasons for the action taken below, *see, e. g., Mims v. City of Philadelphia*, 267 Pa.Super. 129, 130, 406 A.2d 552, 553 (1979), to have done so in this case would not have been helpful, since the administrative judge is no longer on the common pleas bench. We therefore undertook a comprehensive review of the record and the local rules, in order to insure fairness to both parties.

3. We can well understand the administrative judge's feeling of frustration because of the case's slow progress. However, there were available to him appropriate measures to "spur" the matter along consistent with the Rules. *See Maurice Goldstein Company, Inc., supra.*

4. In view of our disposition, it is unnecessary for us to address the parties' additional contentions concerning whether Cody satisfied the standard of proof in Rule of Civil Procedure 2959, whether certain

items were admissible for making that determination, and whether certain issues had been waived. The parties did not have the opportunity before the entry of the order appealed from to present their contentions to the court below, which should make the initial disposition of these questions. *See Commonwealth v. Glendening*, 262 Pa.Super. 357, 362, n.4, 396 A.2d 793, 796, n.4 (1979).