431 A.2d 343

COMMONWEALTH of Pennsylvania

v.

Timothy BROWN, Appellant.

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed June 19, 1981.

Geoffrey Graham, Assistant Public Defender, Doylestown, for appellant.

Michael Kane, District Attorney, Doylestown, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

In a jury trial, appellant was convicted of possession of a controlled substance (marijuana) and possession of a controlled substance with intent to deliver. Post-verdict motions were timely filed. The court below arrested judgment on the charge of possession with intent to deliver, since it had not been charged in the original information, but only added by amendment, in violation of Pa.R.Crim.P. 229 and *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979). Post-verdict relief was denied in all other respects. This appeal is from the judgment of sentence of six to twelve months imprisonment imposed on the charge of simple possession.

Appellant first contends that, when a co-defendant at trial invoked his fifth amendment privilege and refused to answer appellant's counsel's questions, the trial judge should either have ordered the co-defendant to testify, or granted a severance of appellant's trial. Obviously, the court could not violate the co-defendant's fifth amendment right by forcing him to testify; hence, if appellant was to receive relief at all, it would be by way of severance. However, appellant could have, but did not, request a severance in a pretrial motion. "All pretrial motions for relief shall be in writing and, unless otherwise required in the interests of justice, shall be presented together in one omnibus pretrial motion." Pa.R.Crim.P. 306(a). "All grounds for the relief demanded shall be stated in the motion and failure to state a ground shall constitute a waiver thereof." Pa.R.Crim.P. 306(e). In pertinent part, the Comment to Rule 306 states: "Types of relief requested in the omnibus pretrial motions shall include, but shall not be limited to, the following types of

relief: . . . (2) For severance." See also Pa.R.Crim.P. 307. Appellant failed to request a severance in a pre-trial motion, and has stated no valid reason for this failure to raise his claim in a proper and timely manner. Therefore, it is waived. *See Commonwealth v. Smith*, 457 Pa. 638, 642–43, 326 A.2d 60, 61–62 (1974).

 Appellant also asserts that the co-defendant's testimony constitutes after-discovered evidence which was not available at trial. As Judge Garb's opinion notes, when a co-defendant invokes his fifth amendment privilege at trial, his testimony meets the requirement that after-discovered evidence must have been unavailable at trial. *Commonwealth v. Mervin*, 263 Pa.Super. 498, 502, 398 A.2d 687, 689 (1979).[1] However, in order to entitle appellant to a new trial, after-discovered evidence must meet other requirements besides unavailability. We agree with Judge Garb that appellant is not entitled to a new trial in order to present the co-defendant's testimony, not only because it would have been merely cumulative of appellant's testimony, but also because it was not likely to compel a contrary result. *See Commonwealth v. Ryder*, 488 Pa. 404, 408, 412 A.2d 572, 574 (1980). Appellant's brief does not even argue that all the requirements for a new trial on the ground of after-discovered evidence were met; indeed, it concedes that they were not.

Appellant's next argument is an identical attack on the sufficiency of the same search warrant involved in the

---

1. Although only three of the five participating judges joined the majority opinion, *Mervin* would appear to be precedential. *See Commonwealth v. Mason*, 456 Pa. 602, 604, 322 A.2d 357, 358 (1974). The Supreme Court's more recent pronouncements on the subject have been somewhat confusing. *See Commonwealth v. Sanabria*, 487 Pa. 507, 410 A.2d 727 (1979) (3–3 split on whether a co-defendant's invocation of the fifth amendment makes his testimony unavailable for purposes of section 3(c)(13) of the Post Conviction Hearing Act, 19 P.S. § 1180–3(c)(13) (Supp.1980–81)) see also *Commonwealth v. Ryder*, 488 Pa. 404, 410, 412 A.2d 572, 574–75 (1980) (concurring opinion of Nix, J.). However, we need not examine the issue further here, because if we changed our determination that the co-defendant's testimony was unavailable, that would only provide another reason for rejecting appellant's after-discovered evidence claim.

appeal of three of appellant's co-defendants. *Commonwealth v. Luddy*, 281 Pa.Super. 541, 552–60, 422 A.2d 601, 608–11 (1980). We adopt Judge Spaeth's excellent discussion in rejecting this claim. *Id.*

■ Appellant's last two claims are that the trial judge improperly considered the conviction for possession with intent to deliver, which had been overturned, in sentencing on the conviction for simple possession, and that the judge failed to give an adequate statement of reasons for the sentence, as required by *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). While appellant filed a timely motion to modify sentence under Pa.R.Crim.P. 1410, the only issue raised in the motion, rephrased in various forms, was that the sentence was excessive. Neither of the sentencing issues appellant now seeks to raise were included in that motion, and they are therefore waived.[2] *Commonwealth v. Ruschel*, 280 Pa.Super. 187, 188, 421 A.2d 468, 469 (1980); *see also* Pa.R.A.P. 302(a).

Judgment of sentence affirmed.

---

**2.** We may find the issue waived by failure to present it by the proper procedure in the court below, even though the Commonwealth has not argued in this court that the issue was waived. *Commonwealth v. Drake*, 489 Pa. 541, 544–45, 414 A.2d 1023, 1025 (1980).