434 A.2d 793

**COMMONWEALTH of Pennsylvania,**

v.

**Michael KALSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1981.

Filed Sept. 4, 1981.

Bruce S. Miller, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

This is a direct appeal from a judgment of sentence imposed following the entry of a plea of guilty to receiving stolen property. Appellant raises in this Court for the first time: (1) the alleged invalidity of his guilty pleas, and (2) the propriety of a sentence of incarceration for which the trial judge failed to state his reasons on the record. This Court will hear only those claims which are first raised in the trial court. *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Brown*, 288 Pa.Super. 171, 431 A.2d 343 (1981); *Commonwealth v. Turecki*, 278 Pa.Super. 511, 420 A.2d 658 (1980). See also Pa.R.Crim.P.

1405(c)(5). However, the trial court failed to advise appellant on the record that a challenge to the validity of his guilty plea and to the propriety of the sentence had to be raised in the first instance by post-sentencing motions.[1] Therefore, we will remand in order to permit appellant to file nunc pro tunc a petition to withdraw his plea of guilty and/or to challenge the propriety of the sentence.

It is so ordered.

1. Pa.R.Crim.P. 1405(c)(2) requires that at the time of sentencing the judge shall "advise the defendant on the record ... of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea)." See also: Pa.R.Crim.P. Nos. 321 and 1410.