439 A.2d 1185

**COMMONWEALTH of Pennsylvania,**

v.

**Tyrone DOZIER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed Jan. 8, 1982.

Petition for Allowance of Appeal Denied April 2, 1982.

250

John P. Cotter, Philadelphia, for appellant.

Sarah B. Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from judgment of sentence for rape.[1] We have concluded that appellant was properly convicted, but that the judgment of sentence must be vacated and the case remanded for a hearing on appellant's petition for reconsideration of the sentence.

Appellant was tried before a jury. The principal witness was the complainant, a seventeen year-old high school student, who testified as follows. At 11 p. m. on January 5, 1979, while she was on her way home from visiting a

---

1. Appellant was also convicted on Bill on Information Number 591 February Term 1979 of simple assault. We cannot consider appellant's arguments challenging that conviction, however, for appellant's notice of appeal listed only Bill of Information Number 590 February Term 1979, on which he was convicted of rape.

girlfriend, appellant, whom she knew slightly, offered her a ride the rest of the way. It was snowing, and she accepted. However, rather than taking her directly home, appellant told her that he needed to stop at his girlfriend's house to explain why he would be late. When they arrived at the girlfriend's house, appellant insisted that she go inside with him to meet his girlfriend. She did go inside, but the girlfriend was not there. After some conversation, appellant forced her to go to an upstairs bedroom, where he removed her clothes and had sexual intercourse with her. When she screamed in pain, appellant told her that the longer she screamed the longer it would take. After finishing, he insisted that she wash up and allowed her to dress. She managed to escape and ran to her father's house, which was near by. The police were called and took her to a hospital, where she was examined, and a tampon, which she had been wearing and which had been forced deep into her body, was removed.

The victim's father, the examining physician, two police officers, and appellant's girlfriend also testified for the Commonwealth. Their testimony was consistent with that of the victim.

Appellant did not take the stand nor did he present any other witnesses on his behalf. His trial counsel told the jury that appellant was not denying that intercourse had taken place but that it was his position that it had been consensual. Counsel had vigorously cross-examined the victim, asking her why she did not try to leave the house as soon as she discovered that appellant's girlfriend was not there, and emphasizing the lack of any signs of force on her body or damage to her clothing. He suggested to the jury that the victim claimed that she had been raped in order to explain to her mother why she was not home on time and why she needed to go to the hospital for removal of the tampon.

Appellant first argues that the testimony of the victim was not sufficient to establish that a forcible rape occurred. We have no difficulty in agreeing with the lower court that that issue was for the jury. Appellant, in effect,

is asking us to find that the jury could not have properly believed the victim's testimony. However, her testimony was not self-contradictory or so improbable that any verdict based on it could only be speculative. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976).

Appellant next argues, by new counsel, that his trial counsel was ineffective, in several different ways.

■ First, appellant claims that his waivers of his rights under Rule 1100 were invalid and that trial counsel was ineffective in failing to move for a dismissal of all of the charges at some point between the original run date and the start of trial. Pa.R.Crim.P. 1100(f). Appellant argues that the waivers were not intelligent and voluntary because the written waiver forms misstated the original run date. We are satisfied, however, that the misstatements were harmless clerical errors. The notes of testimony, which had not been transcribed when appellant's brief was prepared but which are now part of the record, indicate that appellant was advised of his Rule 1100 rights and of the correct run date; that he executed the first of the two waiver forms because he had decided on the day jury selection was to begin that he wanted to be tried by a judge alone but no judge was available; and that he executed the second waiver form because later in the day he changed his mind and again wanted a jury trial but by then the jury panel had been dismissed. The new run date, agreed to at the afternoon hearing and reflected on the second waiver form, was only eleven days later than the date agreed to at the morning hearing. The clerical error on the waiver forms consisted of listing the new run dates on both the top part—where the old run dates should have been—and on the bottom part of the forms. We agree with the Commonwealth that this error does not invalidate waivers that the record clearly shows were otherwise proper, and that counsel was therefore not ineffective in failing to move for dismissal under Rule 1100(f).

 Next, appellant claims that trial counsel was ineffective in not requesting the lower court to charge the jury that in order to find appellant guilty of rape it had to find beyond a reasonable doubt that the intercourse was not consensual. However, the court did tell the jury that it had to find "that the intercourse was accomplished through forcible compulsion or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution." N.T. 12/14/79 at 286. If the jury found forcible compulsion, it could not find consent. The court's instruction was taken directly from the Pennsylvania Proposed Standard Jury Instructions (§ 15.3121A). There is no right to have any particular form of instruction given; it is enough if the instruction clearly and accurately explains the relevant law. *Commonwealth v. Lesher*, 473 Pa. 141, 373 A.2d 1088 (1977); *Commonwealth v. McComb*, 462 Pa. 504, 341 A.2d 496 (1975).

 Next, appellant claims that the prosecutor's closing argument was so improper that it deprived him of a fair trial and that trial counsel was ineffective for failing to object.[2]

 In considering this claim we must view the allegedly objectionable remarks in the context of both the prosecutor's and defense counsel's closing arguments. *Commonwealth v. Van Cliff*, 483 Pa. 576, 397 A.2d 1173, *cert. denied*,

---

**2.** The Commonwealth says that appellant failed to indicate where in the record the prosecutor's allegedly objectionable remarks appear and that we should therefore not consider this aspect of his appeal. Brief for Appellee at 12 n. 13. Although appellant did fail to include specific references to the record in the argument section of his brief, contrary to Pa.R.A.P. 2119(c), he did include the references in his statement of the case, as required by Pa.R.A.P. 2117(a)(4), and he filed a reproduced record which included most of the relevant pages from the notes of testimony. It is certainly better practice to include the references at both places in the brief, as the rules require, but we shall not quash an appeal—or a part of one—when references to the record have been provided in at least one of the required places. This case can thus be distinguished from *Commonwealth v. Rozanski*, 289 Pa. Superior Ct. 531, 433 A.2d 1382 (1981), where we found waiver where the claim of prejudice was very general and we were provided no references to the record at al. *Id.*, 289 Pa.Super. at 545–46, 433 A.2d at 1390.

441 U.S. 964, 99 S.Ct. 2412, 60 L.Ed.2d 1070 (1979). Not every intemperate or ill-advised statement by the prosecutor constitutes, by itself, grounds for a new trial. *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Stolzfus*, 462 Pa. 43, 337 A.2d 873 (1975). In addition, our cases recognize that the prosecutor must have reasonable latitude in presenting his arguments to the jury and in responding to the arguments of defense counsel. *Commonwealth v. Smith*, 490 Pa. 380, 416 A.2d 986 (1980); *Commonwealth v. Cronin*, 464 Pa. 138, 346 A.2d 59 (1975).

 The closing arguments of both defense counsel and the prosecutor have been transcribed. We have concluded that the prosecutor's remarks were within permissible limits, and that trial counsel was therefore not ineffective in failing to object to them. We may explain this conclusion by giving some examples.

Appellant objects to the prosecutor's use of the word "rapist," citing *Commonwealth v. Reynolds*, 254 Pa. Superior Ct. 454, 386 A.2d 37 (1978). However, in *Reynolds* the defendant was being tried for simple assault but the prosecutor repeatedly referred to him and one of his witnesses as "robbers" and "rapists." Here, appellant was being tried for rape, and the prosecutor's use of the work "rapist" was in response to a rhetorical question asked by defense counsel.

Another example: Appellant claims that the prosecutor improperly stated his personal belief that the victim was telling the truth. Appellant's trial counsel had vigorously attempted both by cross-examination and in his closing argument to discredit the victim's story that the intercourse had been forcible rather than consensual. The prosecutor responded by pointing to ways the victim could have made her story of forcible compulsion stronger, and said that he considered her failure to do so evidence of her desire to tell the truth. Given the nature of the attack on the victim's truthfulness, we do not believe that this was improper.

Appellant's remaining claims of improper remarks by the prosecutor are similar and do not require separate discussion.

Appellant's final claim that trial counsel was ineffective involves appellant's sentence. Appellant's postverdict motions were denied and he was sentenced on February 19, 1980. On March 4 he filed a *pro se* petition for reconsideration of his sentence. Although the petition was *pro se*, the order setting the hearing for March 19 listed the name of appellant's trial counsel as attorney for the defendant and instructed him to appear on that date. Whether trial counsel ever actually received notice of the hearing is not clear from the record. What is clear is that counsel did not appear. The hearing began with this interchange between the court and appellant:

THE COURT: Now, Mr. Dozier, we have been trying to get hold of your lawyer, Mr. Booker, since about a quarter of three.

THE DEFENDANT: Yes, sir.

THE COURT: He is not here. We have this petition from you which you filed yourself.

THE DEFENDANT: Yes.

THE COURT: Asking me to reconsider the sentence. Now, what do you want to say?

THE DEFENDANT: Stand up here?

THE COURT: Yes. I think you ought to be sworn. N.T. 3/19/80 at 2.

Appellant was sworn and the hearing proceeded in the absence of his counsel. The court did not ask appellant if he wished to waive his right to counsel, nor did it engage in such a colloquy with appellant concerning his knowledge of his rights and the dangers of proceeding without counsel as could support such a waiver. Almost two months later trial counsel filed a statement of matters complained of on appeal, making no reference to the reconsideration of sentence proceeding although the filing of the petition for reconsideration and its denial by the lower court were both shown on the lower court's docket. Appellant argues that he was entitled to counsel, and that trial counsel was ineffective in failing to object to the court's having proceeded in the absence of counsel.

██ The Commonwealth argues that appellant is not entitled to any relief because his petition for reconsideration was filed too late—more than ten days—after he was sentenced. However, contrary to the requirements of Pa.R. Crim.P. 1405(c), appellant was not told on the record at the time of sentencing that he had only ten days in which to petition for reconsideration. In such circumstances we have declined to find a waiver of the right to petition for reconsideration. *Commonwealth v. Walton,* 289 Pa.Superior Ct. 411, 433 A.2d 517 (1981); *Commonwealth v. Kittrell,* 285 Pa.Superior Ct. 464, 427 A.2d 1380 (1981).

The Commonwealth also argues that the lower court had to proceed, even in the absence of counsel, because it was already the 29th day after sentencing and after the 30th day the court would lose its jurisdiction to reconsider the sentence. This argument is without merit. The court could—and under the circumstances, should—have vacated appellant's sentence and rescheduled the hearing for a later time. Pa.R.Crim.P. 1410 Comment. At the later hearing the court could, as it saw fit, either reimpose the original sentence or impose a modified sentence.

██ Since sentencing is a critical stage of a criminal prosecution, appellant had a right to be represented by counsel at the reconsideration hearing. *Commonwealth v. Johnson,* 428 Pa. 210, 236 A.2d 805 (1968). Trial counsel was therefore ineffective in failing to object to the lower court's having proceeded in the absence of counsel, and appellant is entitled to another reconsideration of sentence hearing with counsel present.[3] Any further appeal must be from the

---

**3.** Appellant's petition for reconsideration of sentence—like his notice of appeal—listed only the bill of information number for the rape charge. However, the text of the petition recited that he had been convicted at that number of both rape and simple assault. At the reconsideration hearing the court, without objection from the Commonwealth, discussed both the rape sentence, which was eight to sixteen years, and the simple assault sentence, which was one to two years to run concurrently. The court took the position, which the Commonwealth did dispute, that the simple assault merged with the rape. N.T. 3/19/80 at 5–6. In fairness to appellant, on remand the lower court should reconsider its entire sentence, even though all of

sentence imposed at that hearing, but on such an appeal only issues relating to the propriety of the sentence may be raised.

Judgment of sentence vacated and case remanded for reconsideration of sentence.

appellant's other claims with regard to his assault conviction have been waived. *See* note 1 *supra.*