440 A.2d 623

**COMMONWEALTH of Pennsylvania,**

v.

**Larry E. HAGGERTY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed Jan. 29, 1982.

Petition for Allowance of Appeal Denied May 6, 1982.

592

John J. Morgan, Butler, for appellant.

William G. Martin, Jr., Assistant District Attorney, Franklin, for Commonwealth, appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

This is an appeal from the order of sentence of the Court of Common Pleas of Venango County. This is the second time this matter has been before us. In the prior case, we granted a new trial, holding that appellant's confession was improperly admitted into evidence in violation of *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). See *Commonwealth v. Haggerty*, 282 Pa.Super. 369, 422 A.2d 1336 (1980). The Supreme Court granted the Commonwealth's petition for allowance of appeal, affirmed the trial court on the confession issue, reversed and remanded to this court for consideration of the two remaining assignments of error. *Commonwealth v. Haggerty*, 495 Pa. 612, 435 A.2d 174 (1981). The Supreme Court ruled that the six-hour requirement in *Commonwealth v. Davenport*, supra, had not been violated, the time of the actual arrest being the determining factor. We now address ourselves to the remaining issues raised by appellant in the original appeal.

Appellant was tried before a jury on charges of arson and burglary of the Franklin High School, Franklin, Pennsylvania, and was convicted only on the burglary charge. Following the denial of post trial motions, he was sentenced to seven and one-half (7½) to fifteen (15) years' imprisonment.

Appellant first questions the sufficiency of the evidence. In testing the sufficiency of the evidence, we proceed in several steps. First, we accept as true all the evidence upon which the finder of fact could properly have reached its verdict. Next, we give the Commonwealth the

benefit of all reasonable inferences arising from that evidence. And finally, we ask whether the evidence, and the inferences arising from it, are sufficient in law to prove beyond a reasonable doubt that the appellant is guilty of the crime of which he has been convicted. *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979); *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976); *Commonwealth v. Carbonetto*, 455 Pa. 93, 314 A.2d 304 (1974); *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973).

■ Our review of the record indicates that counsel for appellant stipulated that a burglary was committed in the early morning hours of October 15, 1977. This was corroborated by the testimony of Albert J. Broznick, Director of Buildings and Grounds for the Franklin Area School District, and by both police officers who investigated the crime. This evidence was sufficient to prove the corpus delicti. The Commonwealth also presented the tape recorded confession of appellant in which he admits his involvement in this burglary. Many of the facts in the confession were verified by later investigation, such as where the gasoline can was obtained; that entrance was gained through breaking a door; that three soft drink machines were broken into, and the coin boxes taken, and that windows in the cafeteria were broken. We therefore have no difficulty in finding that the evidence was sufficient for the jury to find beyond a reasonable doubt that appellant was guilty of burglary.

Appellant also contends the sentence imposed was manifestly excessive, constituting an abuse of discretion. The appropriate guidelines for imposition of a sentence of total confinement are set forth in 42 Pa.C.S.A. Section 9725 as follows:

"Total Confinement

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

3) a lesser sentence will depreciate the seriousness of the crime of the defendant."

We note that the Legislature has mandated that one of these criteria must be the reason for a sentence of incarceration.

■ The sentencing court should also consider the particular circumstances of the offense, the character of the defendant, and should consult the presentence report or other information available. *Commonwealth v. Kaminski*, 244 Pa. Super. 388, 368 A.2d 776 (1976); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977).

■ Our review of the sentencing transcript indicates the court was in possession of a presentence report, and that both trial counsel made a statement prior to sentencing reviewing the circumstances of the offense, and the background and character of the appellant. While trial counsel reviewed with the court the reasons why a probationary sentence could have been imposed, the trial court did not agree.

We note that five hundred thousand ($500,000.00) dollars damage resulted from the crime involved, and therefore find that the trial court's statement that any lesser sentence would depreciate the seriousness of the crime was in compliance with the mandates of the Sentencing Code and the aforementioned caselaw, and there was no abuse of discretion.

Accordingly, the judgment of sentence is affirmed.