447 A.2d 314

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jay C. SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued March 24, 1981.

Filed June 25, 1982.

John J. O'Brien, West Chester, for appellant.

Joseph W. Carroll, III, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before PRICE, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

Defendant pleaded nolo contendere to carrying firearms without a license, 18 Pa.C.S. § 6106, possession of instruments of crime (PIC), 18 Pa.C.S. § 907, and disorderly conduct, 18 Pa.C.S. § 5503. He received concurrent two-to-five-year prison sentences for the firearms violation and PIC, with a concurrent six-month-to-one-year sentence for disorderly conduct. Defendant's only contention in this appeal is that his sentence is manifestly excessive. We vacate the judgment of sentence, and remand for sentencing.

■ "In reviewing a sentence challenged as manifestly excessive, this court is required to review the sentence itself and the process by which the sentencing judge reached it."[1]

1. While the only issue raised by the defendant is excessiveness of the sentence, defendant contends in his argument on that issue that the lower court did not adequately state its reasons for the sentence, as required by *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). The Commonwealth claims that excessiveness of sentence is a distinct issue from failure to comply with *Riggins*, and defendant has therefore waived the *Riggins* issue by not raising it separately from the excessiveness issue in the motion to modify sentence which defendant filed in the lower court, pursuant to Rule of Criminal Procedure 1410. As *Commonwealth v. Kraft, supra*, makes clear, however, in order to conduct a proper review of a claim that a sentence is manifestly excessive, an appellate court must determine whether the lower court stated adequate reasons on the record to demonstrate that the standards of the Sentencing Code were considered and applied. Our Supreme Court clearly follows this procedure. For example, in a recent case in which the sole issue raised was excessiveness of the sentence, the Court reviewed the reasons stated by the lower court and concluded that the sentence should be affirmed because "the record sets forth sufficient reasons to assure this Court that appellant's sentence was individualized and fair." *Commonwealth v. Townsend*, 497 Pa. 604, 607, 443 A.2d 1139, 1140 (1982) (citations omitted). Thus a claim that a sentence is excessive is sufficient to raise the question of adequacy of the lower court's reasons for the sentence, and to the extent our decision in *Common-*

*Commonwealth v. Kraft*, 294 Pa.Super.Ct. 599, 601, 440 A.2d 627, 628 (1982). Just before pronouncing defendant's sentence, the sentencing judge stated:

> All right. We are concerned with the seriousness of the crimes. This defendant entered his plea, and the background disclosed in the pre-sentence report, and it is our feeling that this defendant is in need of correctional treatment that can be most effectively provided by commitment to an institution. That any lesser sentence than that which we are about to pronounce would depreciate the seriousness of his conduct.

This is the complete statement of reasons for the sentence.[2]

As in *Commonwealth v. Kraft, supra,* the sentencing judge here completely failed to consider sentencing alternatives other than total confinement, failed to consider factors individual to the defendant, and failed to disclose reasons demonstrating that the standards of the Sentencing Code were followed. See *Commonwealth v. Cruz,* 291 Pa.Super.Ct. 486, 489 n. 2–3, 436 A.2d 220, 222 n. 2–3 (1981); *Commonwealth v. Walton,* 289 Pa.Super.Ct. 411, 415–21, 433 A.2d 517, 519–22 (1981); *Commonwealth v. Gaito,* 277 Pa.Super.Ct. 404, 412, 419 A.2d 1208, 1213 (1980); *cf. Commonwealth v. Skinner,* 275 Pa.Super.Ct. 251, 418 A.2d 707 (1980); *see also Commonwealth v. Russo,* 297 Pa.Super. Ct. 424, 444 A.2d 105 (1982). We must therefore remand for sentencing in accordance with the requirements of *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) and the Sentencing Code, 42 Pa.C.S. § 9721 *et seq. Commonwealth v. Kraft,*

wealth v. Brown, 288 Pa.Super.Ct. 171, 174, 431 A.2d 343, 345 (1981) is contrary, it has been implicitly overruled. *Commonwealth v. Townsend, supra.*

**2.** The sentencing judge did not file an opinion pursuant to Rule of Appellate Procedure 1925(a). In a letter to the Court Administrator, which has been included in the record, the sentencing judge points out that Rule 1925(a) does not require an opinion if the reasons appear of record. The sentencing judge states that he relies on the statement of reasons at the sentencing hearing, but this statement was plainly inadequate. *Cf. Nigrelli v. Cody,* 281 Pa.Super.Ct. 156, 160–61, 421 A.2d 1195, 1197–98 (1980), *rearg. den'd.*

*supra; see also Commonwealth v. Sullivan*, 497 Pa. 76, 439 A.2d 110 (1982).

Judgment of sentence vacated and case remanded for resentencing.

WIEAND, J., filed a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. I would hold that the reasons given for the trial court's sentence sufficiently complied with the requirements of Pa.R.Crim.P. 1405(b) and *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). *See Commonwealth v. Haggerty*, 294 Pa.Super. 590, 440 A.2d 623 (1982); *Commonwealth v. Bachert*, 271 Pa.Super. 72, 412 A.2d 580 (1979). Therefore, I would affirm the judgment of sentence.