473 A.2d 610

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1983.

Filed March 16, 1984.

66

Joseph W. Bullen, III, Assistant Public Defender, Media, for appellant.

Helen T. Kane, Assistant District Attorney, Media, for Commonwealth, appellee.

Before BROSKY, CIRILLO and LIPEZ, JJ.

CIRILLO, Judge:

This is an appeal from the Judgment of Sentence dated November 30, 1981, in the Court of Common Pleas of Delaware County. On October 30, 1980, the appellant, Kenneth Harris, was convicted in a jury proceeding,[1] of robbery[2] and conspiracy.[3] Post-trial motions were denied by order, dated November 20, 1981. Appellant was sentenced to a term of imprisonment of five to ten years on

1. The appellant was tried with his co-defendant Oliver Slacum.

2. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1 eff. June 6, 1973. As amended 1976, June 24, P.L. 425, No. 102, § 1, imd. effective. 18 Pa.C.S.A. § 3701.

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973. 18 Pa.C.S.A. § 903.

each conviction, which terms were to be served consecutively to any term then being served by him.[4] Appellant filed a motion for reconsideration of sentence on December 10, 1981, contending that the sentence was unduly harsh, which motion was denied without a hearing, on December 14, 1981. This appeal followed.

On June 2, 1980, the appellant and co-defendant, Oliver Slacum, entered the Parkside Auto Parts Store in Parkside, Delaware County, Pennsylvania. Paul Nester, an employee, was the only other individual present in the store at that time. Harris requested a piece of equipment. While Nester was locating it in the catalogue on the counter, co-defendant Slacum went behind the counter and held a gun to Nester's head. Then Slacum ordered Nester to lie down on the floor. After both unsuccessfully attempted to open the cash register, Slacum ordered Nester to get up and do it. Slacum then took approximately $25.00. He then demanded to know where the rest of the money was. Nester showed him the petty cash box which contained approximately $180.00. Slacum then tied Nester up. While Nester was being tied up, Slacum took from him a watch and gold chain.

Richard Umbrecht then entered the store. He observed that there was no one behind the counter, but a black man was standing by another entrance to the store. This man then asked Umbrecht about automobile paint. At that time, a person emerged from the back of the store, and asked Umbrecht if he could help him. When Umbrecht requested a certain part, he was told that he could not be helped at that time, but to come back in an hour. Subsequently, when Nester heard Slacum and Harris leave the store, he untied himself and called the police.

Nester gave the police a verbal description of both men. From this information, a composite sketch was prepared of Slacum. However, Nester was unable to identify either of

---

**4.** Appellant was also fined ten dollars for each conviction and $205.00 restitution to the victim. However, on appeal he is only challenging the severity of the prison sentence.

these individuals from five books containing approximately 700 photographs.

Nester's full time job was a position at Delaware County Prison as an auto-shop instructor. On July 17, 1980, he observed Harris inside the prison. He immediately recognized Harris, and mentioned this to another employee at the prison. However, he did not report this information to the police at that time. Then on July 23, 1980, he saw Slacum at the prison. The next day Nester contacted the police and informed them that he had seen the two men who had robbed him. Subsequently, on August 13, 1980, Nester was shown two photographic arrays from which he selected pictures of Harris and Slacum.

On appeal, appellant raises several issues relating to the identification testimony. Initially, appellant argues that it was error for the trial judge to permit evidence of Mr. Nester's photo identification made subsequent to the in-person identification of the appellant. The basis for this contention is that the evidence was not relevant and that it tends to mask the inconsistencies that existed in Nester's identification. Evidence which tends to establish a material fact, or which tends to make a fact at issue more or less probable, is relevant. *Commonwealth v. Scott*, 480 Pa. 50, 389 A.2d 79 (1978); *Commonwealth v. Minton*, 288 Pa.Super. 381, 432 A.2d 212 (1981) (reargument denied). The admission or exclusion of evidence is a matter for the discretion of the trial court, and the trial court will only be reversed when a clear abuse of that discretion is shown. *Commonwealth v. Coccioletti*, 493 Pa. 103, 425 A.2d 387 (1981); *Commonwealth v. Hudson*, 489 Pa. 620, 414 A.2d 1381 (1980); *Lewis v. Mellor*, 259 Pa.Super. 509, 393 A.2d 941 (1978). Although identification testimony can be found by the court to be so weak and uncertain that a jury cannot be allowed to find the defendant guilty based on it, *Commonwealth v. Paschall*, 214 Pa.Super. 474, 257 A.2d 687 (1969).

■ In the instant matter, the judge did not abuse his discretion in admitting the evidence of Mr. Nester's subsequent photo identification. The appellant was identified by the victim, in person, in the prison prior to trial and at trial. In addition, Mr. Nester's identification at trial was extremely positive. Despite repeated attempts on the part of defense counsel to weaken his identification, he remained unshakable. Therefore, the trial judge did not err in admitting this evidence.

Appellant further asserts that the verdict was against the weight of the evidence in that when considered in its totality the identification testimony was insufficient to implicate appellant beyond a reasonable doubt. On the basis of the preceding discussion, this argument of appellant's is totally without merit. It is also clear, from the jury's decision that it found the testimony quite sufficient.

■ Appellant next contends that the trial judge erred in his refusal to charge the jury that Mr. Nester's testimony should be considered with caution due to his initial misidentification of the defendant. First, we must point out that Mr. Nester *never misidentified* the appellant. He merely failed to pick him out of 700 pictures shown to him by police. Because of his inability to pick the appellant out at this time the appellant argues that the victim's identification was weakened and therefore, he was entitled to this cautionary instruction.

The Pennsylvania Standard Criminal Jury Instruction Identification (No. 4:07) says that if the identification was weakened and others fail to identify the appellant as the actor, a doubt is cast on that evidence. Mr. Umbrecht, the man who came into the store while it was being robbed, failed to identify either of the individuals that were there from photos. In fact, he could not identify either of the individuals at trial. However, as stated before, Mr. Nester was quite positive in his testimony at trial and he had ample time to observe the two robbers during the time that they were in the store. In addition, the judge thoroughly instructed the jury on the factors to be considered in evaluat-

ing the identification. In *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954), the leading case in Pennsylvania on identification, the Supreme Court stated:

> Where the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received with caution-indeed the cases say that "'his [positive] testimony as to identity may be treated as the statement of a fact'" ...
>
> On the other hand, where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the court should warn the jury that the testimony as to identity must be received with caution.

*Id.,* 378 Pa. at 424, 106 A.2d at 826–27.

We have also reviewed the trial judge's charge relating to the weight to be accorded Mr. Nester's photo identification of the appellant, which was as follows:

> Now, there was testimony in this case that Mr. Nester went through some books and ... that there were about a 130 to 140 photographs in each of those books and the defense has brought out that when he went through them he did not pick out any of the Defendants' photographs that were in there. You certainly may consider that in your determination and you may consider the books as you went through them.
>
> You may consider the circumstances of Mr. Nester's seeing these individuals when he came upon them and you will recall his description of that, how he spotted them under those circumstances. There is also testimony there was a photographic array and these are the photographs that are in the file folder there that were admitted into evidence and there are a few photographs there, a

smaller number of individuals there, and the testimony was that they were shown to Mr. Nester and that each of those instances he pointed out one of the Defendants from that array.

Now, that is a bit unusual the way it arises in this case because normally a witness is shown that array before he identifies the person.... [S]o that I point that out to you because I don't know what the weight, it certainly wouldn't have the same weight as if he had picked it out prior to the identification in the prison, ...

It is clear from the above that the trial judge properly pointed out to the jury the unusual nature of the subsequent photo identification of the appellant. Any further instructions were unnecessary.

 Appellant's final contention is that the sentence of the court of five to ten years each for the robbery and conspiracy convictions was impermissibly severe.[5] The scope of appellate review of a sentencing decision is limited to sentences that exceed the statutorily prescribed limits or those that are so manifestly excessive as to constitute a constitutionally impermissible sentence. *Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981); *Commonwealth v. Rooney*, 296 Pa.Super. 288, 442 A.2d 773 (1982); *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1982).

Appellant was convicted of robbery which offense is graded as a felony of the first degree.[6] He was also convicted of conspiracy. Conspiracy to commit robbery, a first degree felony, is graded as a felony of the second

---

**5.** The record is unclear as to whether defendant's motion for reconsideration of sentence was filed within 10 days after he was sentenced as required by Pa.R.Crim.Proc. 1410. Normally, a failure to do so results in a waiver of the right to move for modification. *Commonwealth v. Kittrell,* 285 Pa.Super. 464, 427 A.2d 1380 (1981). However, in this case, appellant was not told on the record at the time of sentencing as required by Pa.R.Crim.Proc. 1405(c)(3) that he had only ten days in which to move for modification. In such circumstances, we will not find a waiver. *Commonwealth v. Dozier,* 294 Pa.Super. 249, 439 A.2d 1185 (1982).

**6.** 18 Pa.C.S.A. § 3701(b).

degree.[7] The terms of imprisonment for these offenses is prescribed in 18 Pa.C.S.A. § 1103 [8] as follows:

A person who has been convicted of a felony may be sentenced to imprisonment as follows:

(1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

(2) In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.

The sentences imposed by the trial judge did not exceed these statutory provisions.

Furthermore, in addressing the reasons given by the lower court for the sentence handed down, a recent en banc panel of this Court held:

In conclusion, we specifically reject the suggestion of cases such as *Commonwealth v. Kraft*, [294 Pa.Super. 599, 440 A.2d 627] *supra*, and *Commonwealth v. Smith*, [301 Pa.Super. 204, 447 A.2d 314] *supra*, that it is proper to reach a [*Commonwealth v.*] *Riggins* [474 Pa. 115, 377 A.2d 140] issue when that issue has not been raised specifically both before the trial court and before this Court. If the defendant fails to raise a *Riggins* issue specifically at both stages, the issue is waived. Furthermore, if, in the context of an excessive sentence claim, we can determine from the entire record before us, that the sentence imposed was not excessive and there was no abuse of discretion, as we have done in the instant case, the inquiry is at an end. We will not assess the adequacy of the reasons offered by the trial court in support of the sentence imposed, nor will we, in that context, remand for further elaboration by the trial court, even though the reasons, *by themselves*, may not be sufficiently detailed under *Riggins* and, if properly challenged, would prove insufficient to support the sentence.

7. 18 Pa.C.S.A. § 905.

8. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

*Commonwealth v. Martin,* 328 Pa.Super. —— at ——, 477 A.2d 555 at 562 (1984).

The appellant has not questioned the adequacy of the reasons given by the sentencing court, therefore, this issue has been waived.

The lower court gave the following reasons for the sentence it imposed:

> In imposing this sentence I have taken into consideration the pre-sentence investigation record. I have taken into consideration the lengthy past record of the Defendant. I have taken into consideration his part in this offense, and based upon that, it is the Court's feeling that there is no other disposition other than a lengthy prison sentence would be appropriate and it is for those reasons that I have imposed that sentence.

In view of these stated reasons, as well as the ample record in this matter which we have thoroughly studied, we find that the sentence was not excessive and that no abuse of discretion has been shown. *See: Rooney, supra.* Accordingly, we affirm the judgment of sentence of the court below.

Judgment of sentence affirmed.