J-A05027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMANDA ADAMSKI | : | |
| | : | |
| Appellant | : | No. 617 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 15, 2021,
in the Court of Common Pleas of Luzerne County,
Civil Division at No(s):  2021-00718.

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED APRIL 14, 2022**

Amanda Adamski appeals from the judgment of sentence imposed after she pled guilty to indirect criminal contempt ("ICC")[1] of a temporary Protection from Abuse ("PFA") order.  Additionally, Adamski's counsel filed a petition to withdraw representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  Upon review, we deny counsel's petition, and remand to allow counsel to submit an appropriate brief.

On January 25, 2021, D.M. obtained a temporary PFA order against Adamski, his girlfriend.  The order prohibited Adamski, *inter alia*, from contacting D.M. or going to his residence.  A final PFA hearing was scheduled for March 4, 2021.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 23 Pa.C.S.A. § 6114(a).

In the interim, on February 2, and February 5, 2021, while the temporary PFA order was still in effect, Adamski contacted D.M. on several occasions. Adamski's brother also texted D.M. and asked him to call Adamski so she could retrieve her belongings from his residence. D.M. filed a complaint with the police. After determining that Adamski had been served with the temporary PFA order, the police filed an indirect criminal complaint against her.

On April 15, 2021, at the time set for hearing in this matter where Adamski was represented by counsel, Adamski negotiated a plea agreement with the Commonwealth. Specifically, she would admit to the attempted contact with D.M., and, in exchange, would receive 6 months' probation. The trial court accepted the plea and sentenced her to 6 months' probation. N.T., 4/15/20, at 2-4. Adamski did not file a post-sentence motion.

Adamski filed this timely appeal. Her new counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Adamski did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to

withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [her] of [her] right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

- 3 -

Here, counsel has complied with each of the requirements of **Anders**. Counsel indicated that he reviewed the record and concluded that Adamski's appeal is frivolous. Further, the **Anders** brief substantially comports with the requirements set forth by our Supreme Court in **Santiago**. Finally, the record included a copy of the letter that counsel sent to Adamski stating counsel's intention to seek permission to withdraw and advising Adamski of her right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Adamski's appeal is wholly frivolous.

In the **Anders** brief, counsel sets forth one issue challenging the voluntariness of Adamski's plea:

> 1. Did the trial court abuse its discretion and/or err in accepting [Adamski's] guilty plea because she had nowhere else to live and wanted to retrieve her belongings from the residence and, therefore, it is improper to punish her for contacting the protected party?

**Anders** Brief at 3. Additionally, although not raised as a separate issue, counsel addresses Adamski's challenge to the discretionary aspects of her sentence. **Id.** at 11, 13.

Preliminarily, we note a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to do either results in waiver. **Commonwealth v.**

- 4 -

*Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citations omitted), *appeal denied*, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea). *See also* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence). "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. 2017).

Similarly, we observe that a defendant wishing to challenge the discretionary aspects of a sentence must properly preserve it for our consideration. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)).

Notwithstanding these requirements, we note, as counsel does, that Adamski did not preserve either of these issues for appeal. Adamski did not seek to withdraw her guilty plea at any time orally on the record at the hearing or by filing a timely post-sentence motion. She also did not object to her sentence at the hearing or raise her sentencing claim in a post-sentence motion. Consequently, Adamski's issues would be waived and considered frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

However, our independent review of the record disclosed that Adamski was not advised of her right to file a post-sentence motion. Once sentenced, Adamski had the right to file a post-sentence motion within 10 days and/or to appeal within 30 days. The court was required, on the record, to ensure Adamski was advised of these rights. Pa.R.Crim.P. 704(C)(3).

Although this is an indirect criminal contempt and not a purely criminal matter, "one charged with an indirect criminal contempt is to be provided the safeguards which statute and criminal procedures afford." ***Commonwealth v. Baker***, 722 A.2d 718, 720 (Pa. Super. 1998). Furthermore, this Court has held that a defendant's issue was preserved for appellate review where a defendant was not informed on the record that he had 10 days in which to file a post-sentence motion. ***See Commonwealth v. Harris***, 473 A.2d 610, 613

n. 5 (Pa. Super. 1984) (where appellant was not informed of right to file a motion for reconsideration of sentence, this Court held that claim was not waived); *see also Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) ("Given that Appellant was unaware of the need to preserve claims in a motion for reconsideration [of his probation revocation sentence], we find that he has not waived those claims on appeal."); *Commonwealth v. Rish*, 606 A.2d 946, 947 n. 5 (Pa. Super. 1992) (claim challenging denial of motion to withdraw guilty plea was not waived where sentencing court did not advise appellant of right to file post-sentence motion). Therefore, because Adamski was not advised of her right to file a post-sentence motion, these issues are not waived. *See id.*

Additionally, our review of the record revealed that the trial court did not conduct a formal plea colloquy as required under Pennsylvania Rule of Criminal Procedure 590.[2] Although the trial court reviewed the negotiated

---

[2] Rule 590(A)(1) of the Pennsylvania Rules of Criminal Procedure requires, in pertinent part, that a guilty plea be taken in open court. As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial jury trial?

*(Footnote Continued Next Page)*

plea agreement with Adamski, it did not review the remaining factors set forth in Rule. 590. Again, Adamski was entitled to the same safeguards as in a criminal proceeding. **Baker**, **supra**.

Accordingly, we direct counsel to address these issues, either in an **Anders** brief or in an advocate's brief, within thirty days of the date of this order. The Commonwealth may file a reply within 30 days of Adamski's filing.

Petition to withdraw denied. Panel jurisdiction retained.

---

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?